IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| TOD SANTEE and SHERRY SANTEE, husband and wife, | ) ) ) | |
| Plaintiffs/Appellants, | ) ) | 2 CA-CV 2011-0012 DEPARTMENT A |
| v. | ) ) | O P I N I O N |
| MESA AIRLINES, INC., a corporation or other business entity; and AMERICA WEST AIRLINES, INC., a corporation or other business entity, | ) ) ) ) ) | |
| Defendants/Appellees. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20073583

Honorable Stephen C. Villarreal, Judge

APPEAL DISMISSED

Michael L. Price, P.C.
  By Michael L. Price

Tucson
Attorney for Plaintiffs/Appellants

Jones, Skelton & Hochuli, P.L.C.
  By Kevin D. Neal and Lori L. Voepel

Phoenix
Attorneys for Defendants/Appellees

E C K E R S T R O M, Presiding Judge.

**¶1** This case arises from damage done to a specialized wheelchair owned by the plaintiff/appellant, Tod Santee, when it was being unloaded from an airplane operated by defendants/appellees, Mesa Airlines, Inc., and America West Airlines, Inc. (collectively "America West").[1] After several years of pretrial litigation, the trial court granted America West's motion and dismissed Santee's complaint pursuant to Rule 12(b)(6) and (c), Ariz. R. Civ. P. On appeal, Santee assigns a number of errors. Because we conclude we lack jurisdiction over the appeal, however, we order it dismissed.

**¶2** Our jurisdiction is provided and limited by statute, *Campbell v. Arnold*, 121 Ariz. 370, 371, 590 P.2d 909, 910 (1979), and we have an independent duty to confirm whether we have jurisdiction over the case before us. *Robinson v. Kay*, 225 Ariz. 191, ¶ 4, 236 P.3d 418, 419 (App. 2010). The superior court granted America West's Rule 12 motion on December 21, 2010, filing its signed minute entry order on December 22. America West then filed a motion for relief under Rule 68(g), Ariz. R. Civ. P., on January 7, 2011. On January 20—before the court had ruled on the pending motion or entered a final judgment—Santee filed a notice of appeal from the December minute entry order. The court later granted America West's Rule 68 motion, awarding expert

---

[1]Although Santee's wife, Sherry, is also a party to this appeal, her claims are derived from her husband's. For ease of reference, we thus refer to Santee in the singular. Further, we note that US Airways was dismissed as a party from this action. Even though US Airways is now apparently affiliated with America West, we refer to the appellee simply as America West in this decision.

fees and double costs, and entered a final judgment dismissing the claims on February 14, 2011. Santee never filed a new or amended notice of appeal.

¶3 The timely filing of a valid notice of appeal is a prerequisite to the exercise of appellate jurisdiction. Ariz. R. Civ. App. P. 8(a); *State ex rel. Ariz. Structural Pest Control Comm'n v. Taylor*, 223 Ariz. 486, ¶ 3, 224 P.3d 983, 984 (App. 2010). Rule 9(a), Ariz. R. Civ. App. P., provides that a notice of appeal must be filed "not later than 30 days after the entry of the judgment from which the appeal is taken." The "entry of . . . judgment" occurs when a signed, written judgment is filed by the clerk in accordance with Rule 58(a), Ariz. R. Civ. P. In *Barassi v. Matison*, 130 Ariz. 418, 636 P.2d 1200 (1981), our supreme court announced a limited exception to the final judgment rule that allowed premature notices of appeal to be considered "'after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial.'" *Craig v. Craig*, 227 Ariz. 105, ¶ 13, 253 P.3d 624, 626 (2011), *quoting Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, ¶ 37, 132 P.3d 1187, 1195 (2006). As the court recently clarified: "In *all* other cases, a notice of appeal filed in the absence of a final judgment, or while any party's time-extending motion is pending before the trial court, is 'ineffective' and a nullity." *Id.*, *quoting Smith*, 212 Ariz. 407, ¶ 39, 132 P.3d at 1195.

¶4 The rationale behind this seemingly formalistic rule is to prevent "'disrupt[ions of] the trial process'" that "leav[e] the superior court uncertain as to its jurisdiction to decide a pending motion." *Id.* ¶ 14, *quoting Baumann v. Tuton*, 180 Ariz. 370, 372, 884 P.2d 256, 258 (App. 1994). The rule also helps to avoid the "piecemeal

3

appeals" that could result if cases were decided while unresolved motions remained below. *Maria v. Najera*, 222 Ariz. 306, ¶ 5, 214 P.3d 394, 395 (App. 2009).

**¶5** Here, Santee filed his notice of appeal prior to the entry of the judgment, while a substantive motion remained pending before the trial court. This premature notice of appeal does not fall within the limited *Barassi* exception. And because Santee never filed a timely notice of appeal, we lack jurisdiction over the case before us.

**¶6** In supplemental briefing ordered by this court, Santee notes that without the Rule 68 motion being filed, the trial court's minute entry ruling was an appealable order that finally resolved all issues. He thus argues the motion should not have rendered an otherwise appealable order unappealable. This argument is unsupported by any authority, however, and does not take into account the aforementioned rationale behind Rule 9. It also overlooks the fact that time-extending motions under Rule 9(b) have the very same effect.

**¶7** Santee next suggests that because a motion made under Rule 68(g) is not listed as a time-extending motion in Rule 9(b), it should have "no meaning" in the appellate context. We agree that a Rule 68(g) motion does not extend the time for filing a notice of appeal. *See* Ariz. R. Civ. App. P. 9(b). But we reject Santee's premise that only time-extending motions are relevant to determining appellate jurisdiction. In emphasizing that its ruling applies "[i]n *all* other cases," *Craig* makes plain that its jurisdictional rule is not limited to situations where time-extending motions have been filed; it also applies when there has not been a "final judgment." 227 Ariz. 105, ¶ 13, 253 P.3d at 626. Here, the filing of the Rule 68(g) motion created an issue that demanded

4

resolution by the trial court. Once it was resolved in the court's final judgment, a timely appeal could have been taken. Thus, the apparent problem in this case was caused solely by Santee's failure to comply with the rules of procedure, not by the rules themselves.

**¶8** Santee also claims he falls within the *Barassi* exception because a Rule 68(g) motion concerns the "ministerial process of fixing taxable costs." We reject this argument. Rule 68(g) provides:

> If the offeree rejects an offer and does not later obtain a more favorable judgment other than pursuant to this Rule, the offeree must pay, as a sanction, reasonable expert witness fees and double the taxable costs, as defined in A.R.S. § 12-332, incurred by the offeror after making the offer and prejudgment interest on unliquidated claims to accrue from the date of the offer. If the judgment includes an award of taxable costs or attorneys' fees, only those taxable costs and attorneys' fees determined by the court as having been reasonably incurred as of the date the offer was made shall be considered in determining if the judgment is more favorable than the offer.

The rule thus requires a trial court to assess, at minimum, (1) whether a judgment was "more favorable" than a previous offer and (2) the "reasonable[ness]" of expert witness fees. Ariz. R. Civ. P. 68(g). These clearly are more than ministerial tasks and may require a trial court to exercise considerable discretion under the circumstances of a particular case.

## Disposition

**¶9** Because Santee has not filed a valid, timely notice of appeal from the trial court's judgment, the appeal is dismissed.

/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Presiding Judge

5

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge


/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge