286 P.3d 160

**Ambrose B. FIELDS, III, an unmarried man, Plaintiff/Appellant,**

v.

**Joanne OATES aka Joanne Fields, an unmarried woman, Defendant/Appellee.**

**No. 1 CA–CV 11–0378.**

Court of Appeals of Arizona,
Division 1, Department M.

Sept. 11, 2012.

Borowsky Law Group, P.C. By Lisa M. Borowsky M. Philip Escolar, Scottsdale, Attorneys for Plaintiff/Appellant.

Riggs & Ellsworth, P.C. By Brendon R. Rogers, Snowflake, Attorneys for Defendant/Appellee.

## OPINION

GEMMILL, Judge.

¶ 1 In this quiet title action, Ambrose Fields appeals the superior court's orders granting Joanne Oates's motion for summary judgment and awarding attorneys' fees to Oates. Because we lack jurisdiction, we dismiss the appeal.

## BACKGROUND

¶ 2 Fields filed a complaint against Oates seeking to quiet title to real property in Apache County. Oates's answer included a claim for attorneys' fees. After Oates moved for summary judgment, the superior court issued an unsigned ruling in February 2011 granting the motion for summary judgment and directing Oates to prepare an order for the court's signature.

¶ 3 On March 14, 2011, Oates lodged a proposed order and also filed a motion for attorneys' fees and costs. The court entered a signed order entitled "Findings of Fact and Order for Summary Judgment in Favor of the Defendant" on March 28, 2011. The order set forth findings, granted the motion for summary judgment, dismissed Fields' complaint, and directed Fields to remove the lis pendens on the subject property. The order did not contain a determination of finality in accordance with Arizona Rule of Civil Procedure ("Rule") 54(b).

¶ 4 On April 1, 2011, Fields responded to the motion for attorneys' fees. On April 13, 2011, Fields filed a notice of appeal from the March 28 order.[1] In a signed order filed May 24, 2011, the court granted Oates $12,481.66 in attorneys' fees and costs, to be paid within 20 days of the order.

¶ 5 On June 23, 2011, Oates filed four motions in superior court, including a "Motion for Judgment Pursuant to Court's Order Dated May 23, 2011" and a motion to dismiss Fields' appeal based on his failure to post a supersedeas bond. The superior court entered four signed orders on June 29, 2011 that, among other things, dismissed the notice of appeal and again awarded Oates judgment against Fields in the amount of $12,481.66.

¶ 6 Fields filed an amended notice of appeal on July 13, 2011, seeking to appeal from the March 28 order, the June 29 order dismissing his appeal, and the June 29 judgment for attorneys' fees and costs. After identifying a jurisdictional concern, we requested and received supplemental briefing from the parties regarding jurisdiction.

## ANALYSIS

¶ 7 This court has an independent duty to determine whether it has jurisdiction over this appeal. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App.1997). Our jurisdiction is limited by statute. Arizona Revised Statutes ("A.R.S.") section 12–2101(A) (Supp.2011)[2]; *Hall Family Props., Ltd. v. Gosnell Dev. Corp.*, 185 Ariz. 382, 386, 916 P.2d 1098, 1102 (App.1995).

---

1. The notice of appeal stated Fields was appealing from the "signed judgment dated February 28, 2011." That date appears to be a typographical error and we assume Fields sought to appeal from the signed order filed on March 28, 2011.

2. We cite the current versions of statutes when no relevant revisions have been enacted since the events in question.

¶ 8 "The general rule is that an appeal lies only from a final judgment." *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App.1991); A.R.S. § 12–2101(A)(1). However, our supreme court has created

> a limited exception to the final judgment rule that allows a notice of appeal to be filed after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial.

*Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 37, 132 P.3d 1187, 1195 (2006) (citing *Barassi v. Matison*, 130 Ariz. 418, 636 P.2d 1200 (1981)). Except for these limited circumstances, a notice of appeal filed "in the absence of a final judgment or while any party's time-extending motion is pending ... is 'ineffective' and a nullity." *Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13, 253 P.3d 624, 626 (2011) (citation omitted).

### The March 28, 2011 Order

¶ 9 We begin our jurisdictional analysis by considering the March 28, 2011 order. This order was not final because of the unresolved claim for attorneys' fees and the absence of Rule 54(b) language in the order.

¶ 10 The superior court ordinarily should not enter judgment until claims for attorneys' fees are resolved. *See* Ariz. R. Civ. P. Rule 58(g). Nonetheless, "a claim for attorneys' fees may be considered a separate claim" from a judgment on the merits, and a party may immediately appeal a judgment on the merits even when an attorneys' fees issue is still pending *if the court certifies the judgment as final pursuant to Rule 54(b)*. Ariz. R. Civ. P. 54(b), 58(g); *Kim v. Mansoori*, 214 Ariz. 457, 460, ¶ 9, 153 P.3d 1086, 1089 (App. 2007); *Nat'l. Broker Assocs., Inc. v. Marlyn Nutraceuticals, Inc.*, 211 Ariz. 210, 216–18, ¶¶ 31–38, 119 P.3d 477, 483–85 (App.2005). Because the March 28 order did not resolve the attorneys' fees claim or contain Rule 54(b) language, it was not final and appealable when Fields filed his April 13, 2011 notice of appeal. Therefore, in accordance with *Craig*, the April 13 notice of appeal was premature.

¶ 11 We next analyze whether the premature notice of appeal was a nullity under our supreme court's jurisprudence—specifically, *Craig*, *Smith*, and *Barassi*—or whether the notice of appeal came within the limited "*Barassi* exception" to the rule requiring such notices to be filed *after final judgments*.

¶ 12 As already noted, the *Barassi* exception renders valid a premature notice of appeal "filed after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial." *Craig*, 227 Ariz. at 107, ¶ 13, 253 P.3d at 626; *Smith*, 212 Ariz. at 415, ¶ 37, 132 P.3d at 1195. A judgment on less than all claims without Rule 54(b) certification is subject to modification at any time prior to adjudication of all claims. Ariz. R. Civ. P. Rule 54(b) ("the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties")[3]; *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 45, 365 P.2d 208, 210 (1961); *Pulaski v. Perkins*, 127 Ariz. 216, 217, 619 P.2d 488, 489 (App.1980) (citing *Stevens* and explaining that when "there are outstanding claims remaining to be adjudi-

---

**3.** Rule 54(b) provides, in its entirety:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. For purposes of this subsection, a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause.

cated in an action in the superior court, the lack of a 54(b) determination defeats finality").

¶ 13 Moreover, resolution of an application for attorneys' fees is a discretionary determination, not a merely ministerial act. *See, e.g., Scottsdale Mem'l. Health Sys., Inc. v. Clark*, 164 Ariz. 211, 215, 791 P.2d 1094, 1098 (App.1990) (describing the superior court's discretion regarding attorneys' fees in quiet title actions); *accord McNeil v. Attaway*, 87 Ariz. 103, 118, 348 P.2d 301, 311 (1959); *see also Bryant v. Bryant*, 40 Ariz. 519, 521, 14 P.2d 712, 713 (1932) (explaining that a judicial act involves the exercise of discretion or judgment, in contrast to a ministerial act in which "the duty to be performed is described by law with such certainty that nothing is left to the exercise of discretion or judgment"). Because Fields filed the April 13 notice of appeal before the entry of a final judgment and the remaining judicial task of determining attorneys' fees was not merely ministerial, the *Barassi* exception was inapplicable. Therefore, the April 13 notice of appeal was ineffective and a nullity under *Craig*.

¶ 14 Fields contends, however, that his April 13, 2011 notice of appeal is not a nullity under *Craig* because there was no time-extending motion pending when he filed his notice of appeal. *See Baumann v. Tuton*, 180 Ariz. 370, 372–73, 884 P.2d 256, 258–59 (App.1994) (a notice of appeal filed while a motion for new trial is pending is a nullity); ARCAP 9(b) (listing time-extending motions, such as a motion for new trial). This argument misses the mark. It is true that the pending attorneys' fees claim did not constitute a time-extending motion. Fields's argument, however, overlooks the limitations imposed by *Craig* for application of the *Barassi* exception: "no decision of the court could change and the only remaining task is merely ministerial." *See supra* ¶¶ 8, 12–13. This court recently rejected an argument similar to Fields's in *Santee v. Mesa Airlines, Inc.*, 229 Ariz. 88, 90, ¶ 8, 270 P.3d 915, 917 (App. 2012). The *Santee* court determined that it lacked appellate jurisdiction because the notice of appeal was filed while a motion for

relief under Rule 68(g) was pending. *Id.* at 89–90, ¶ 7, 270 P.3d at 916–17.

¶ 15 Fields also argues the March 28 order was appealable pursuant to A.R.S. § 12–2101(A)(6) as "an interlocutory judgment that determines the rights of the parties and directs an accounting or other proceeding to determine the amount of recovery." This subsection does not fit the fact pattern here and, in any event, for an interlocutory judgment to be appealable under A.R.S. § 12–2101(A)(6), the superior court must expressly direct "that the only issue remaining is the amount of recovery." *Bilke v. State*, 206 Ariz. 462, 468, ¶ 28, 80 P.3d 269, 275 (2003). The court made no such express direction here, and A.R.S. § 12–2101(A)(6) is not applicable.

### The May 24, 2011 Judgment for Attorneys' Fees and Costs

¶ 16 Fields further asserts the April 13 notice of appeal ripened into an effective notice of appeal upon entry of the May 24, 2011 judgment for attorneys' fees. Prior to *Craig*, our appellate courts often interpreted the *Barassi* exception in such a manner. *See, e.g., Turner v. City of Flagstaff*, 226 Ariz. 341, 342 n. 2, ¶ 4, 247 P.3d 1011, 1012 n. 2 (App.2011) (noting the court had jurisdiction over the appeal because the premature notice of appeal from a judgment without Rule 54(b) language was followed by entry of a final judgment); *Snell v. McCarty*, 130 Ariz. 315, 317, 636 P.2d 93, 95 (1981) (refusing to dismiss a premature appeal "from a minute entry order in a multi-party action in which there was no prejudice and in which a subsequent Rule 54(b) determination was made and a judgment was entered"). In light of *Craig*, however, the April 13 notice of appeal was ineffective and a nullity. A "nullity" is "[s]omething that is legally void." Black's Law Dictionary 1095 (7th ed.1999). Accordingly, the April 13 notice of appeal could not ripen into a valid notice of appeal after the May 24, 2011 judgment.

¶ 17 For purposes of appeal, a judgment must resolve the issues in the pleadings and fix the parties' rights and liabilities as to the controversy between them. *Connolly v. Great Basin Ins. Co.*, 5 Ariz.App.

117, 120–21, 423 P.2d 732, 735–36 (1967). The name of a document does not determine its finality for appeal purposes; rather, the substance and effect of a document are determinative. *Props. Inv. Enters., Ltd. v. Found., for Airborne Relief, Inc.*, 115 Ariz. 52, 54, 563 P.2d 307, 309 (App.1977). When dealing with successive signed orders or judgments, the time for appeal begins to run upon entry of the judgment last in time which completes the resolution of all issues in the litigation. *See Hill v. City of Phoenix*, 193 Ariz. 570, 574, ¶ 16, 975 P.2d 700, 704 (1999) (holding that "without the 54(b) certification, prior judgments which adjudicate some but not all claims . . ., or which determine the rights and liabilities of some but not all parties, become final upon entry of the judgment entered last in time"); *see also Nat'l. Broker Assocs.*, 211 Ariz. at 218, ¶ 37, 119 P.3d at 485 ("Without Rule 54(b) certification, the case only becomes final when a judgment or judgments are entered adjudicating all the claims, including fee claims, and the rights and liabilities of all parties.").

¶ 18 The March 28, 2011 order was not a final judgment when entered, nor was it a final judgment at the time of Fields' notice of appeal on April 13, 2011. The March 28 order, however, became final and appealable on May 24, 2011 upon the entry of the signed order awarding fees and costs. In other words, the March 28 order together with the May 24 judgment awarding fees and costs constituted final and appealable rulings resolving all issues in the case. Entry of the May 24 order therefore commenced the time for Fields to file his notice of appeal. *See Hill*, 193 Ariz. at 574, ¶ 16, 975 P.2d at 704; *Haroutunian v. ValueOptions, Inc.*, 218 Ariz. 541, 544–45, ¶ 7, 189 P.3d 1114, 1117–18 (App. 2008) (noting the importance of the entry date for a judgment with respect to filing a notice of appeal); *see also Chan v. Brunswick Corp.*, 388 So.2d 274, 275 (Fla.Dist.Ct. App.1980). Because Fields did not file a new or amended notice of appeal within 30 days of May 24, 2011, the March 28 and May 24 orders were no longer appealable after June 23, 2011. *See* ARCAP 9(a) (a notice of appeal must be filed within 30 days after entry of judgment).

**The June 29, 2011 Order**

¶ 19 Fields alternatively contends that the final judgment for attorneys' fees is the June 29, 2011 order and therefore, his July 13 notice of appeal is sufficient to confer jurisdiction over this appeal. We disagree.

¶ 20 As noted above, the May 24, 2011 signed order awarded attorneys' fees and costs to Oates and directed Fields to pay Oates within 20 days. Presumably because Fields did not make timely payment, Oates thereafter moved for entry of judgment against Fields. Consequently, the court entered the June 29, 2011 order that *again* awarded Oates judgment against Fields in exactly the same amount: $12,481.66.

¶ 21 Because Oates did not file a notice of appeal within 30 days of the May 24, 2011 judgment awarding $12,481.66 in attorneys' fees and costs to Oates, the time for appeal of that determination had expired. When the superior court entered a substantively identical judgment for $12,481.66 in favor of Oates on June 29, 2011, it neither revived the former time for appeal nor initiated a new period within which to appeal. The time to appeal had already expired when Fields filed his amended notice of appeal on July 13, 2011. The June 29 order is not an amended judgment, which under some circumstances may start the time running to file a notice of appeal. *See Baker v. Emmerson*, 153 Ariz. 4, 8, 734 P.2d 101, 105 (App.1986) (explaining that a party must file a notice of appeal from an amended judgment that substantially alters the original judgment). Nor did the superior court vacate the May 24 judgment before entering the June 29 order or judgment.

¶ 22 Our conclusion regarding the June 29 judgment is supported by cases from other jurisdictions. "[W]here successive judgments are entered and the later judgment represents neither a material change of the earlier judgment nor a new exercise in discretion, the time for appeal is counted from the earlier judgment." *Chan*, 388 So.2d at 275; *see also Ball v. McDowell*, 288 S.W.3d 833, 838 (Tenn.2009) (explaining that "when consecutive 'final' judgments are entered," the first judgment starts the time for appeal

unless the second judgment alters "the parties substantive rights or obligations settled by the first judgment"); *FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 97 L.Ed. 245 (1952) (same).[4]

¶ 23 For these reasons, the July 13 notice of appeal was untimely as to the May 24 order. Therefore, the July 13 notice of appeal did not confer jurisdiction over this appeal.[5]

¶ 24 We have also considered Fields's argument that equity favors hearing this appeal on the merits. *See Hill,* 193 Ariz. at 574, ¶ 18, 975 P.2d at 704 (listing four guiding principles regarding defective notices of appeal and emphasizing that courts should strive to resolve an appeal on the merits, especially when there is no prejudice to the appellee); *Barassi,* 130 Ariz. at 421, 636 P.2d at 1203 (dismissal of the appeal would punish the appellants for being too diligent when the notice of appeal was premature but did not disrupt the trial process and the appellees had notice of the appeal). Fields contends that by virtue of his diligence in filing two notices of appeal, Oates was on notice about what Fields intended to appeal, and, accordingly, there is no prejudice to Oates by considering the appeal on the merits. "[W]e favor deciding cases on their merits and try to avoid dismissing appeals on hypertechnical grounds, although *we must dismiss if we lack jurisdiction.*" *Craig v. Craig,* 225 Ariz. 508, 511, ¶ 14, 240 P.3d 1270, 1273 (App. 2010), *aff'd,* 227 Ariz. 105, 253 P.3d 624 (2011) (emphasis added). Under these circumstances, we have no discretion to consider this appeal and are required to dismiss it.

## CONCLUSION

¶ 25 When a judgment does not include Rule 54(b) language, a notice of appeal filed while a claim for attorneys' fees is pending is a nullity. When a claim for attorneys' fees is the only outstanding issue, entry of a signed order resolving that issue establishes the date of entry of final judgment for purposes of appeal. Subsequent entry of a substantively identical judgment does not ordinarily revive the former time for appeal nor initiate a new period within which to appeal.

¶ 26 We dismiss this appeal for lack of jurisdiction.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge, and PHILIP HALL, Judge.

---

**4.** Although we cite the federal case of *Minneapolis–Honeywell* in support of the conclusion that a second, identical judgment cannot extend the time for appeal from the initial final judgment or create a new period for appeal, we caution against general citation of federal cases on other points pertaining to appellate procedure, because the Arizona Rules of Civil Appellate Procedure are not identical to the Federal Rules of Appellate Procedure. *See Craig,* 227 Ariz. at 107, ¶ 15, 253 P.3d at 626.

**5.** Fields's July 13 notice of appeal also designates for appeal a separate order entered on June 29 striking his April 13 notice of appeal. In *Schultz v. Hinshaw,* 18 Ariz.App. 557, 504 P.2d 498 (1972), this court held that the superior court does not have the authority to strike a notice of appeal. That said, we need not address this or any related issue, given our conclusion that the April 13 notice of appeal is a nullity, which makes the issue moot.