NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

AMY JO DAURIO, *Petitioner/Appellant,*

*v.*

STEVEN L. DAURIO, *Respondent/Appellee.*

No. 1 CA-CV 12-0661
FILED 4-22-2014

Appeal from the Superior Court in Maricopa County
FC2010-004881 and FC2011-002723 (Consolidated)
The Honorable David J. Palmer, Judge

**APPEAL DISMISSED**

COUNSEL

Amy Jo Daurio, Maricopa
*Petitioner/Appellant in Propria Persona*

Philip A. Seplow, Phoenix
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Kent E. Cattani joined.

---

**G E M M I L L,** Judge:

¶1        Amy Jo Daurio ("Wife") appeals an order granting monetary relief to Steven L. Daurio ("Husband").  Because Wife's notice of appeal was premature and ineffective, we have no jurisdiction and dismiss her appeal.

### Factual and Procedural History

¶2        During their divorce proceedings, the parties reached an agreement in December 2011 resolving the disposition of community property.  Specifically, Wife would receive $35,000 from the parties' retirement account, with Husband paying any taxes and penalties.  Wife would retain the personal property in her possession, and Husband would receive the personal property remaining in the marital residence, as well as the residence itself.  The court accepted the agreement.

¶3        After the agreement, Husband conducted an inventory of property left in the marital residence pursuant to their agreement.  After finding that Wife had removed numerous additional items of property not previously agreed upon as belonging to her, Husband filed a notice of theft and request for relief in December 2011.  The trial court entered a signed decree of dissolution on February 15, 2012, resolving many issues but not Husband's allegations of theft or the attorneys' fees claims.[1]  The court set an evidentiary hearing for May 14, 2012, to address these unsolved issues.  After the evidentiary hearing, the court entered a signed order on July 26, 2012, reducing Wife's interest in the parties' retirement account from $35,000 to $25,000.  The court also found that Wife had acted unreasonably during the litigation and awarded Husband his reasonable attorneys' fees, which would be determined after he filed a fee application.

---

[1]  Neither party attempted to appeal from the decree of dissolution entered on February 15, 2012.

¶4 Husband filed a fee application and Wife responded. Before the trial court ruled on the fee application, Wife filed a notice of appeal on August 20, 2012, appealing the signed order of July 26, 2012, which granted Husband monetary relief. The trial court in September 2012 entered an order awarding Husband attorneys' fees and costs. Wife did not file a new, amended, or supplemental notice of appeal.

**Jurisdictional Analysis**

¶5 Wife did not cite any authority supporting our jurisdiction over her appeal, and Husband did not file an answering brief. This court has an independent duty to ascertain whether we have jurisdiction over an appeal. *See Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997). Our jurisdiction is limited by statute. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A) (Supp. 2012); *see also Fields v. Oates,* 230 Ariz. 411, 413, ¶ 7, 286 P.3d 160, 162 (App. 2012). A notice of appeal filed prior to a final judgment is premature and, generally, a nullity. *See id.* at 414, ¶ 8, 286 P.3d at 163 (citing *Craig v. Craig,* 227 Ariz. 105, 107, ¶ 13, 253 P.3d 624, 626 (2011)). *See also Ghadimi v. Soraya,* 230 Ariz. 621, 622, ¶ 8, 285 P.3d 969, 970 (App. 2012) (citing *Barassi v. Matison,* 130 Ariz. 418, 421, 636 P.2d 1200, 1203 (1981)).

¶6 An order that does not resolve all claims "shall not terminate the action" unless the court directs entry of judgment "upon an express determination that there is no just reason for delay[.]" Ariz. R. Fam. L.P. 78(B). The order from which Wife appealed did not resolve the attorneys' fees claim, nor did it include Rule 78(B) language; it instructed the parties to submit additional pleadings regarding attorneys' fees. Therefore, the order on appeal was not a final judgment and could not be appealed until the pending attorneys' fees claim was resolved. *See In re Marriage of Kassa,* 231 Ariz. 592, 594, ¶ 6, 299 P.3d 1290, 1292 (App. 2013) (holding order resolving some post-decree claims but not resolving issues of child support modification or attorneys' fees was not final and appealable); *Fields,* 230 Ariz. at 414, ¶ 10, 286 P.3d at 163 (holding that an order that did not resolve the attorneys' fees claim and failed to contain necessary Ariz. R. Civ. P. 54(b) language was not final and appealable); *Ghadimi,* 230 Ariz. at 622-23, ¶ 10, 285 P.3d at 970-71 (holding that a decree was not final and appealable when it failed to determine the amount of attorneys' fees awarded or contain Rule 78(B) language).

¶7 Because the trial court's order was not final, Wife's notice of appeal was premature and did not come within the *Barassi* exception

within which some premature notices of appeal are effective. *See Fields,* 230 Ariz. at 415, ¶ 13, 286 P.3d at 164; *Ghadimi,* 230 Ariz. at 624, ¶ 14, 285 P.3d at 972. The family court's determination of the attorneys' fees issue was not merely "ministerial" as that term is used in *Smith* and *Craig. Craig,* 227 Ariz. at 107, ¶ 13, 253 P.3d at 626 (quoting *Smith,* 212 Ariz. at 415, ¶ 37, 132 P.3d at 1195) (*Barassi* is limited to situations in which a notice of appeal is filed "after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial."). "In *all* other cases, a notice of appeal filed in the absence of a final judgment, or while any party's time-extending motion is pending before the trial court, is 'ineffective' and a nullity." *Craig,* 227 Ariz. at 107, ¶ 13, 253 P.3d at 626 (citing *Smith,* 212 Ariz. at 415, ¶ 39, 132 P.3d at 1195). Accordingly, Wife's notice of appeal was ineffective and a nullity, and we lack jurisdiction.

**¶8** We recognize the recent opinion in *Reeck v. Mendoza,* 232 Ariz. 299, 304 P.3d 1122 (App. 2013), reached a different conclusion regarding jurisdiction over a family court appeal. The *Reeck* court concluded that certain family court rulings could be "inherently final" and appealable even if all claims and issues had not been resolved and the court had not added the certification of finality allowed under Family Rule 78(B). *Reeck,* 232 Ariz. at 301-02, ¶ 8, 304 P.3d at 1124-25. The Arizona Supreme Court, however, has rejected the *Reeck* approach in *Bollermann v. Nowlis,* ASC-CV-13-0279 (Ariz. Apr. 17, 2014). *See also Natale v. Natale,* 1 CA-CV 12-0765 (Ariz. App. Apr. 16, 2014).

**¶9** Finally, we have also considered the potential application of newly amended Arizona Rule of Civil Appellate Procedure (ARCAP) 9(b)(2)(B), which became effective January 1, 2014. This court in *Lopez v. Food City,* 2 CA-CV 13-0105, 2014 WL 739811, at *2, ¶¶ 6-7 (Ariz. App. Feb. 25, 2014), recently held that this new subsection of ARCAP 9 is not applicable to premature and ineffective notices of appeal filed before the effective date of the new rule. *Id.* at ¶¶ 6-7. The order Wife seeks to appeal was entered on July 26, 2012, and her notice of appeal was filed on August 20, 2012, prior to the final judgment or order resolving the attorneys' fees issue. In accordance with *Lopez,* new ARCAP 9(b)(2)(B) is not applicable.

**¶10** The order Wife seeks to appeal did not resolve the issue of attorneys' fees and did not contain a Family Rule 78(B) certification of finality for appeal. As a result, Wife's notice of appeal from the order was

premature and ineffective under *Bollermann, Craig, Smith, Natale, Ghadimi,* and *Kassa* to trigger this court's appellate jurisdiction.

## Conclusion

¶11    We lack jurisdiction and therefore dismiss Wife's appeal.



Ruth A. Willingham · Clerk of the Court
FILED: MJT