NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In the Matter of the Guardianship of and Conservatorship for:

DOROTHY MEAD, An Adult.

ROBERT M. MEAD, Trustee of the Mead Family Living Trust,
*Petitioner/Appellant*,

*v.*

CHRISTOPHER P. THEUT, the Court Appointed Counsel for Dorothy
Mead, *Respondent/Appellee*.

No. 1 CA-CV 14-0576

Appeal from the Superior Court in Maricopa County
No. PB2011-000216
The Honorable Lisa Ann VandenBerg, Commissioner

**DISMISSED**

COUNSEL

Robert M. Mead, Elk Grove, CA
*Petitioner/Appellant*

Theut, Theut & Theut, P.C., Phoenix
By Christopher P. Theut
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

---

**N O R R I S**, Judge:

**¶1**        This appeal arises out of an order entered by the probate court reentering attorneys' fees and costs previously awarded to court-appointed guardian ad litem Respondent/Appellee Christopher Theut.  For the following reasons, we dismiss this appeal for lack of jurisdiction and hold Petitioner/Appellant Robert Mead has waived the only issue properly before this court.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        On January 11, 2011, Mead petitioned for the appointment of a temporary conservator for his mother, Dorothy.  In response to Mead's petition, on February 17, 2011, the probate court appointed Theut to serve as Dorothy's guardian ad litem.  The probate court appointed Mead to serve as Dorothy's permanent guardian and conservator on March 21, 2011.[1]

**¶3**        On April 17, 2013, Theut filed a Rule 33 application for attorneys' fees and costs covering his work as Dorothy's guardian ad litem from February 15, 2011 to April 8, 2013.  *See* Ariz. R. Prob. P. 33.  Mead objected to Theut's Rule 33 application and, after notice and a hearing, on July 31, 2013, the probate court entered a signed order ("first order") awarding Theut $5,650.  Mead did not appeal the first order.

**¶4**        On October 31, 2013, Theut filed a second Rule 33 application for attorneys' fees and costs covering his work as Dorothy's guardian ad litem from April 9, 2013 to October 31, 2013.  Mead again objected and, after notice and a hearing, on November 27, 2013, the probate court entered a

---

[1]On October 4, 2013, the probate court terminated the conservatorship only—Mead remained Dorothy's guardian.

2

signed order ("second order") awarding Theut $2,297.64. Mead did not appeal the second order.

¶5         On March 21, 2014, nearly four months after the probate court entered the second order, Theut untimely moved to amend the first and second orders. *See* Ariz. R. Civ. P. 59(l) ("A motion to alter or amend the judgment shall be filed not later than 15 days after entry of judgment."); *see also Egan-Ryan Mechanical Co. v. Cardon Meadows Dev. Corp.*, 169 Ariz. 161, 165-66, 818 P.2d 146, 150-51 (App. 1990) (appellant's request for judgment *nunc pro tunc* five months after superior court entered judgment ineffective to alter or amend judgment pursuant to Rule 59(l)). After Mead and Theut submitted numerous additional filings concerning the motion to amend, the probate court entered a signed order on July 22, 2014 ("third order") reentering the amount it had awarded in the first order minus $540 to reflect a partial payment; reentering the amount it had awarded in the second order; awarding interest on these sums "at the highest rate authorized by law;" specifying the judgment ran against Dorothy, her estate, and the Mead Family Living Trust; and certifying finality pursuant to Arizona Rule of Civil Procedure 54(b). Mead appealed the third order.

## DISCUSSION

¶6         "This court has an independent duty to determine whether it has jurisdiction over this appeal." *Fields v. Oates*, 230 Ariz. 411, 413, ¶ 7, 286 P.3d 160, 162 (App. 2012). Generally, a party may only appeal from a final judgment. *Id*. at 414, ¶ 8, 286 P.3d at 163. A final judgment is one which disposes "of all claims and all parties." *In re Estate of McGathy*, 226 Ariz. 277, 279, ¶ 12, 246 P.3d 628, 630 (2010) (citation omitted) (internal quotation marks omitted).

¶7         Here, the first and second orders disposed of Theut's Rule 33 applications. Each Rule 33 application was independent of the other application. The two Rule 33 applications did not overlap—each application concerned a discrete period of time and services rendered during that period of time—and the parties fully litigated the applications before the probate court. Each order was, thus, separately appealable, and because Mead did not appeal from the first or second order, we do not have jurisdiction to review either.

¶8         *McGathy* supports our conclusion that the first and second orders were separately appealable. In *McGathy*, an estate's personal representative petitioned the probate court for instructions concerning the payment of estate taxes. *Id*. at 277-78, ¶ 2, 246 P.3d at 628-29. The probate court entered an order that required the non-probate transferees to pay

their share of the estate taxes, and that order "disposed entirely of the personal representative's petition." *Id*. The issue in *McGathy* was whether, in an unsupervised estate administration, an order fully resolving all claims in a proceeding was final for purposes of appeal. *Id*. at 279, ¶ 11, 246 P.3d at 630. Distinguishing between "supervised administration," involving continuous judicial oversight, and "unsupervised administration," in which judicial involvement is minimized, *id*. at 278, ¶¶ 5-6, 246 P.3d at 629, our supreme court held the probate court's order was akin to a final judgment. *Id*. at 280, ¶ 17, 246 P.3d at 631.

¶9        The supreme court analogized a petition in an unsupervised administration to a complaint in a civil action and stated, "[e]ach application or petition filed within a probate case gives rise to a separate probate proceeding." *Id*. at 279, ¶ 13, 246 P.3d at 630 (quoting Ariz. R. Prob. P. 2(O), (P) cmt.). The court emphasized the practical effect of such an approach to unsupervised administrations, explaining, "It makes no sense to defer appellate review of an order terminating a formal proceeding until after a final decree that may never come." *Id*. at 280, ¶ 15, 246 P.3d at 631.

¶10        Although *McGathy* involved an unsupervised estate administration and this case involves a guardianship and conservatorship, we find *McGathy* instructive regarding the jurisdictional issue presented here. As in an unsupervised administration, each Rule 33 application was analogous to a complaint in a civil action, framed the scope of the proceeding, was separate, and, thus, independently appealable. And, as a practical point, guardianship and conservatorship proceedings can last for years, and attorneys may be deterred from acting as counsel in these proceedings if they cannot execute upon judgments for attorneys' fees and costs until the proceeding terminates or the probate court certifies its orders as final.

¶11        Further, although Mead appealed from the third order, insofar as it simply reentered the amounts awarded to Theut in the first and second orders, it was not appealable. *See Fields*, 230 Ariz. at 416-17, ¶ 22, 286 P.3d at 165-66 ("When consecutive final judgments are entered, the first judgment starts the time for appeal unless the second judgment alters the parties substantive rights or obligations settled by the first judgment.") (citation omitted) (internal quotation marks omitted). And, although the third order assessed interest on the amounts previously awarded in the first and second orders, even if we assume the probate court's imposition of interest was separately appealable, *see id*., Mead has waived any argument challenging the assessment of interest by failing to raise such an argument in his briefs on appeal.

**CONCLUSION**

**¶12**         For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.  In his answering brief, Theut has requested an award of attorneys' fees but has not referenced a "statute, rule, decisional law, contract, or other authority" for such an award.  ARCAP 21(a)(2).  Although we may exercise discretion to overlook this lack of specificity, *see id.*, under the circumstances presented here, we elect not to do so and deny his request for attorneys' fees.  We award Theut his costs on appeal, however, contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.