NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GHB CONSTRUCTION, LLC, *Plaintiff/Appellee,*

*v.*

GARY C. SOLOMON, et al., *Defendants/Appellants.*

No. 1 CA-CV 19-0104
FILED 3-12-2020

Appeal from the Superior Court in Navajo County
No. S0900CV201500418
The Honorable Michala M. Ruechel, Judge

**APPEAL DISMISSED**

COUNSEL

Copper Canyon Law PLC, Mesa
By D. Cody Huffaker
*Counsel for Plaintiff/Appellee*

Nick D. Patton, Attorney at Law, Show Low
By Nicholas D. Patton
*Co-Counsel for Defendants/Appellants*

Escolar Law Office, Oroville, California
By M. Philip Escolar
*Co-Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

---

**C R U Z**, Judge:

¶1   Gary C. Solomon, Bobbie Sue Solomon, and Curtis Solomon (collectively, the "Solomons")[1] appeal from a superior court order enforcing a judgment in favor of GHB Construction, LLC ("GHB"). For the following reasons, we dismiss the Solomons' appeal for lack of jurisdiction.

**FACTUAL AND PROCEDURAL HISTORY**

¶2   In 2005, Gary and Bobbie sold real property in Taylor, Arizona, to GHB. GHB executed a promissory note for $70,000, secured by a deed of trust. The parties agreed GHB did not satisfy the promissory note by the 2006 due date but disputed whether they agreed to amended payment terms.

¶3   In 2014, Gary and Bobbie assigned and transferred the beneficial interest in the promissory note and deed of trust to Gary's brother, Curtis, who initiated foreclosure proceedings against GHB the following year. GHB subsequently filed suit against the Solomons to stop a trustee's sale of the real property, arguing wrongful foreclosure and fraudulent assignment of the note to Curtis.

¶4   Before trial, GHB filed a motion in limine regarding the assignment of interest in a 2011 judgment (the "Hatch Judgment") against Gary, Bobbie, and Gary's company, Sol's Construction, Inc. That judgment resulted from litigation brought by Jason Hatch ("Hatch") and Hatch Development, LLC. Hatch, a co-member of GHB, assigned the interest in the Hatch Judgment to GHB in 2015 (the "Assignment"). After hearing oral argument, the superior court granted GHB's motion to preclude introduction of evidence regarding the Assignment at the jury trial.

¶5   After a three-day trial, a jury entered a verdict for GHB and awarded GHB its attorneys' fees and costs as punitive damages, which

---

[1]  We identify the Solomons by first name only as necessary for ease of reference.

amounted to $177,301.47. The superior court filed the order on June 1, 2018 (the "June 2018 Judgment"). The Solomons did not file a notice of appeal within thirty days of the June 2018 Judgment.

**¶6** On July 24, 2018, GHB filed a "Motion to Amend Judgment Entered on June 1, 2018," which stated in part:

> In the interest of justice and judicial economy the Judgment entered on June 1, 2018, should be amended and reduced by the amount of $41,939.24, which is the amount due and owing by [GHB] to Defendants Gary and Bobbie Sue Solomon on the Promissory Note and Deed of Trust.

The motion requested "the Promissory Note be deemed satisfied and the Deed of Trust released." The Solomons objected to the motion, challenging the amount due on the promissory note. Shortly thereafter, GHB recorded the June 2018 Judgment with the Navajo County Recorder's Office and the Apache County Recorder's Office. GHB also initiated garnishment proceedings, requesting to withhold the amount due on the promissory note and apply it to the judgment the Solomons owed to GHB. The Solomons and GHB then stipulated to vacate the scheduled garnishment hearing if the superior court amended the June 2018 Judgment.

**¶7** After the parties stipulated to a balance of $67,009.94 remaining on the promissory note, the court issued an order on January 11, 2019 (the "January 2019 Order"), which reduced the $177,301.47 by the stipulated balance, ordered the promissory note "deemed satisfied," and ordered the deed of trust released. On February 8, 2019, the Solomons filed a notice of appeal.

## DISCUSSION

**¶8** The Solomons raise a single issue on appeal: They challenge the superior court's grant of GHB's motion in limine as to the Assignment of the Hatch Judgment to GHB. In its answering brief, GHB argues we lack jurisdiction over this appeal because the Solomons did not timely appeal the June 2018 Judgment.

**¶9** We have an independent duty to determine whether we have jurisdiction over an appeal. *Fields v. Oates*, 230 Ariz. 411, 413, ¶ 7 (App. 2012). Our jurisdiction is limited by statute as outlined in Arizona Revised Statutes ("A.R.S.") section 12-2101(A). As is relevant here, we have jurisdiction over an appeal taken from "a final judgment entered in an

3

action . . . commenced in a superior court" or "any special order made after final judgment." A.R.S. § 12-2101(A)(1), (2).

¶10          A final, appealable judgment is one which resolves all issues of the litigation. *Fields*, 230 Ariz. at 415-16, ¶ 17; *see* Ariz. R. Civ. P. 54(c). A party must file a notice of appeal within thirty days of a final, appealable judgment. ARCAP 9(a). Certain post-judgment motions will extend the timeline for filing a notice of appeal, including a motion to alter or amend the judgment pursuant to Rule 59(d). ARCAP 9(e)(1)(C). The timely filing of a notice of appeal is required for appellate court jurisdiction. *James v. State*, 215 Ariz. 182, 185, ¶ 11 (App. 2007).

¶11          Here, the Solomons did not file a notice of appeal within thirty days of the June 2018 Judgment. GHB did not file its motion to amend until seven weeks after the June 2018 Judgment. A party must file a motion to alter or amend a judgment within fifteen days of the judgment, and the superior court may not extend that deadline except under limited circumstances, which do not apply here. *See* Ariz. R. Civ. P. 59(d). Accordingly, no party filed a timely motion that under ARCAP 9(e) would extend the time to file a notice of appeal.

¶12          In their reply brief, the Solomons argue the January 2019 Order substantially alters the June 2018 Judgment, which renews their time to appeal regardless of a time-extending Rule 59 motion. *See Fields*, 230 Ariz. at 416, ¶¶ 21-22; *Baker v. Emmerson*, 153 Ariz. 4, 8 (App. 1986). But the January 2019 Order did not alter the outcome of or disturb the obligations of the parties settled by the June 2018 Judgment. The substantial alteration alleged by the Solomons—crediting the outstanding balance of the promissory note against the June 2018 Judgment and the release of the deed of trust—relate to matters *not* at issue at trial and not amenable to settlement by the June 2018 Judgment. Thus, as a practical matter, the January 2019 Order did not actually amend the June 2018 Judgment.

¶13          Although the superior court titled its order "Amended Judgment," the name of an order is not dispositive. For appeal purposes, we look to the substance and effect of a document. *See Fields*, 230 Ariz. at 416, ¶ 17. For context, we begin with GHB's July 24, 2018 motion titled "Motion to Amend Judgment Entered on June 1, 2018." GHB's motion did not cite or otherwise refer to Rule 59, and the superior court did not state in the record it intended to treat the motion as a time-extending motion pursuant to ARCAP 9. *See James*, 215 Ariz. at 186, ¶ 16. The substance of GHB's motion sought to enforce the June 2018 judgment, as evidenced by references to the promissory note and deed of trust as "a collectable

intangible asset" and describing the Solomons as having "been proven to be uncollectable." Finally, neither the January 2019 Order nor the prior order it references[2] cites Rule 59.

¶14          The January 2019 Order did not change the fact of the June 2018 Judgment in GHB's favor, did not change the amount of damages awarded to GHB, and did not reexamine any issues from the trial. Aside from the title of the order, nothing indicates the January 2019 Order is in fact an amended judgment. Rather, the substance and effect of the January 2019 Order strongly suggest the superior court issued it as means to enforce the June 2018 Judgment, and we construe it as such. *See* A.R.S. § 12-1551(A); Ariz. R. Civ. P. 69. Because the January 2019 Order was not an amended judgment, it did not extend the Solomons' time to appeal the underlying June 2018 Judgment.

¶15          Even if the Solomons did not timely appeal the June 2018 Judgment, their notice of appeal is timely as to the January 2019 Order. We have jurisdiction over the appeal if the January 2019 Order is a special order after judgment under A.R.S. § 12-2101(A)(2). Post-judgment orders are appealable if the order relates to the judgment or enforcement of the underlying judgment, and if the issue raised on appeal from the order is different from those that would arise from appeal of the judgment. *Vincent v. Shanovich*, 243 Ariz. 269, 271, ¶ 9 (2017); *see Reidy v. O'Malley Lumber Co.*, 92 Ariz. 130, 136 (1962).

¶16          The January 2019 Order does relate to the enforcement of the June 2018 Judgment, satisfying the first requirement. However, the second requirement for a post-judgment order to be appealable is not satisfied. The Solomons raise a single issue on appeal: Whether the court erred in granting GHB's motion in limine related to the assignment of interest in the Hatch Judgment from Hatch to GHB. "An order made after judgment is not appealable if the appeal presents the same question as would be presented on an appeal from the judgment." *Reidy*, 92 Ariz. at 136. The issue of the motion in limine could have been presented in a timely appeal from the June 2018 Judgment and was not. The Solomons do not argue otherwise. Accordingly, we lack jurisdiction to consider the Solomons' appeal of the January 2019 Order.

---

[2]          The January 2019 Order refers to the parties' joint motion stipulating to the outstanding balance on the promissory note and a December 4, 2018 order, directing GHB to file "a new proposed amended judgment" reflecting the stipulated amounts.

**CONCLUSION**

¶17  We dismiss this appeal for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED: AA