IN THE COURT OF APPEALS
STATE OF ARIZONA

FILED BY CLERK

DEC 21 2012

COURT OF APPEALS
DIVISION TWO

|  |  |  |
|---|---|---|
| BELEN LOAN INVESTORS, LLC, an Arizona limited liability company, and LOS LUNAS INVESTORS, LLC, an Arizona limited liability company, | ) ) ) ) ) | 2 CA-CV 2011-0153 DEPARTMENT B |
| Plaintiffs/Appellants, | ) ) | O P I N I O N |
| v. | ) ) ) | |
| JAMES S. BRADLEY and KAREN BRADLEY, husband and wife, and KB REAL ESTATE APPRAISERS, INC., an Arizona corporation, | ) ) ) ) ) | |
| Defendants/Appellees. | ) ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. C20102051 and C20107903 (Consolidated)

Honorable Kyle Bryson, Judge

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED

---

Heurlin Sherlock Laird
  By Brian A. Laird                                                              Tucson
                                              Attorneys for Plaintiffs/Appellants

O'Connor & Campbell, PC
  By J. Daniel Campbell,
  Susan Luse, and Mike Roberts                                                 Phoenix
                                  Attorneys for Defendants/Appellees Bradley
                                         and KB Real Estate Appraisers, Inc.

---

E S P I N O S A, Judge.

¶1        Belen Loan Investors, LLC and Los Lunas Investors, LLC (collectively, "BLI") challenge the trial court's dismissal of their complaint for failure to state a claim against James and Karen Bradley and KB Real Estate Appraisers, Inc. (collectively, "Bradley") for negligent misrepresentation and conspiring in or aiding the tortious conduct of others.  BLI further challenges the court's denial of its motion to file a second amended complaint.  For the reasons detailed in this opinion, we reverse and remand.

**Factual Background and Procedural History**

¶2        When reviewing a dismissal for failure to state a claim pursuant to Rule 12(b)(6), Ariz. R. Civ. P., we assume the truth of all well-pleaded factual allegations.[1]  *Coleman v. City of Mesa*, 230 Ariz. 352, ¶ 9, 284 P.3d 863, 867 (2012). Around September 2006, BLI loaned Los Lunas Highlands, LLC and Belen 368, LLC (collectively, "borrowers") $2,600,000 and $2,950,000, respectively, for the purchase and development of various unimproved residential lots in Valencia County, New Mexico, in exchange for two promissory notes, security interest in the property, and the personal guarantee of Michael Myers, an officer of The Myers Group and agent affiliated with the borrowers.  According to BLI, the borrowers made false representations of the property value to induce BLI to provide excess loan funds which then were transferred to the

---

[1]Although BLI describes the facts as set forth in its second amended complaint, that complaint never was accepted by the court and we disregard it.

borrowers' personal profit sharing plans. The borrowers hired Bradley, an Arizona appraiser, to provide appraisals for Myers's use in obtaining the loans.[2]

¶3        When the borrowers defaulted on their loans, BLI initiated a judicial foreclosure action in New Mexico and sued Myers, the borrowers, and their associated entities, corporate officers, and trustees for various causes of action in the instant case.[3] Joining in a motion filed by another defendant, Bradley moved to dismiss BLI's claims against him for conspiring in or aiding the tortious conduct of others and negligent misrepresentation, which were based on allegations that he intentionally or negligently had provided "falsely inflated appraisals" upon which BLI relied to fund "excessive loans."[4] Bradley asserted BLI had failed to state a claim upon which relief could be granted. *See* Ariz. R. Civ. P. 12(b)(6).

¶4        The trial court dismissed both claims against Bradley on the ground he owed BLI no duty. The court determined that *Sage v. Blagg Appraisal Co.*, 221 Ariz. 33,

---

[2]Although BLI's complaint refers to "appraisals" obtained in reference to both the Belen and Los Lunas loans, it identifies with particularity only those appraisal values pertaining to the sixty-seven-acre Los Lunas property. *See Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, ¶ 14, 226 P.3d 1046, 1050 (App. 2010) (in reviewing Rule 12(b)(6) motion, court may consider intrinsic documents central to complaint). Neither party raised this issue below or on appeal, and we do not address it.

[3]BLI's first complaint was dismissed for failure to state a claim and insufficient service of process, and its first amended complaint incorporated additional claims and defendants.

[4]Specifically, BLI asserted that in one instance the borrowers had influenced Bradley to nearly triple a valuation from $1,680,000 in the draft appraisal report to $4,500,000 in the final report—although that property had been sold only a year earlier for $360,000—and claimed that Bradley had failed to obtain information about any available comparable sales when he prepared his appraisals.

3

209 P.3d 169 (App. 2009), "specifically limited [an appraiser's duty to third parties] to the 'traditional home-purchase transaction,'" *see id.* ¶ 14, and concluded that because the instant case involved "speculative large-tract real estate investments," BLI was "not in the narrow class of persons entitled to rely on the appraisal[s]," citing *Kuehn v. Stanley*, 208 Ariz. 124, 91 P.3d 346 (App. 2004), and *Hoffman v. Greenberg*, 159 Ariz. 377, 767 P.2d 725 (App. 1988). The court denied BLI's motion for reconsideration on the same grounds, and denied its motion to amend the complaint because one amendment had been allowed previously and BLI's new proposal did not remedy the deficiency. We have jurisdiction over BLI's appeal pursuant to A.R.S. § 12-2101(A)(1).[5] *See also* Ariz. R. Civ. P. 54(b) (allowing appeal of judgment disposing of fewer than all claims or defendants).

---

[5]The appeal is limited to the December 9, 2011, final judgment and related rulings dismissing all claims against Bradley. Other defendants have been dismissed from the action, and only two claims against Scott Baumgardner remain in the trial court. Although not a party to this appeal, Baumgardner has filed an answering brief asserting BLI's notice of appeal could be construed as pertaining to the court's dismissal of certain claims against him and arguing our appellate ruling might allow BLI to move for their reinstatement. Notwithstanding Baumgardner's concerns, the trial court's partial ruling in his favor is not ripe for appeal; therefore, even if he is correct and BLI intends to challenge the court's dismissal of his claims, we lack jurisdiction to consider such arguments. *See* Ariz. R. Civ. P. 54(b) (no appealable judgment where order lacks specific determination that judgment should be entered and no just reason for delay); *see also Fields v. Oates*, 230 Ariz. 411, ¶ 12, 286 P.3d 160, 163 (App. 2012) ("A judgment on less than all claims without Rule 54(b) certification is subject to modification at any time prior to adjudication of all claims.").

4

**Standard of Review**

¶5        Initially, we must determine the proper standard for our review. Rule 12(b) provides that if "matters outside the pleading" are presented to the court on a motion to dismiss for failure to state a claim, and are not excluded, the motion shall be treated as a motion for summary judgment. *See Coleman*, 230 Ariz. 352, ¶ 9, 284 P.3d at 867; *see also* Ariz. R. Civ. P. 56(b). But, if extraneous matters neither add to nor subtract from the deficiency of the pleading, the motion need not be converted. *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, ¶ 8, 226 P.3d 1046, 1049 (App. 2010), *citing Brosie v. Stockton*, 105 Ariz. 574, 576, 468 P.2d 933, 935 (1970) (no conversion when extraneous material not necessary to final outcome). We note at the outset there is conflicting authority regarding when Rule 12(b) conversion is proper.

¶6        The parties submitted several documents in connection with the motions to dismiss, including, *inter alia*, Bradley's appraisals and draft appraisals, New Mexico litigation documents, loan instruments, an expert witness affidavit, correspondence between the parties, an historical account of Bradley's appraisal contracts with Myers, and Bradley's answers to interrogatories. All documents except Bradley's appraisals, the New Mexico judgment, and the loan documents were extrinsic to the complaint because they were not attached to it and did not qualify for any exception to the conversion rule. *See Strategic Dev. & Constr., Inc.*, 224 Ariz. 60, ¶¶ 10, 13-14, 226 P.3d at 1049, 1050 (document central to complaint may be considered intrinsic to complaint if attached to complaint, sufficiently referenced in complaint, or official public record), *citing Alt.*

5

*Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (undisputedly authentic document central to complaint may be intrinsic to complaint). Bradley asserted at oral argument before this court that we have discretion to deem the motion converted based on the many extrinsic documents presented, although he conceded the trial court properly could have considered the terms of the appraisals alone, without treating the motion as one for summary judgment. *See Cullen v. Koty-Leavitt Ins. Agency, Inc.*, 216 Ariz. 509, ¶¶ 8, 17, 168 P.3d 917, 921, 924 (App. 2007) (*Cullen I*) (court's consideration of contract intrinsic to complaint did not convert motion to dismiss into motion for summary judgment), *vacated in part on other grounds sub nom. Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 189 P.3d 344 (2008) (*Cullen II*).

¶7　　　　The minute entry does not indicate the extrinsic documents were excluded, and, indeed, the trial court issued its in-chambers ruling "having considered arguments of counsel[] and having reviewed the file." We are persuaded, however, that the extraneous materials were neither considered in the court's ruling nor necessary to support its rationale for dismissal. *Compare Coleman*, 230 Ariz. 352, ¶ 9, 284 P.3d at 867 (Rule 12(b)(6) motion not converted when court considers complaint's exhibits or public records regarding matters referenced in complaint because such documents not extrinsic to complaint), *and Strategic Dev. & Constr., Inc.*, 224 Ariz. 60, ¶ 8, 226 P.3d at 1049 (Rule 56 treatment not required when court does not rely on proffered extraneous materials), *with Smith v. CIGNA HealthPlan of Ariz.*, 203 Ariz. 173, ¶ 8, 52 P.3d 205, 208 (App. 2002) (motion converted when extrinsic matters presented and considered in

6

ruling).[6] BLI's proffered exhibits were not admitted at the motions hearing, and the court did not refer to any extraneous materials in dismissing BLI's claims against Bradley. Because the court did not rely on the extrinsic documents in ruling on Bradley's Rule 12(b)(6) motion, instead basing its dismissal on the allegations in the complaint and the legal arguments of the parties, we conclude the motion was not converted.[7] *See Strategic*

---

[6] *But see Unique Equip. Co. v. TRW Vehicle Safety Sys., Inc.*, 197 Ariz. 50, ¶ 4 & n.1, ¶ 28, 3 P.3d 970, 972 & n.1, 981 (App. 1999) (court deemed to have considered extrinsic documents based on statement "arguments in [defendant]'s reply were persuasive," where reply had referred to extrinsic documents); *Canyon del Rio Investors, L.L.C. v. City of Flagstaff*, 227 Ariz. 336, ¶ 15, 258 P.3d 154, 158 (App. 2011) (Rule 12(b)(6) motion converted where court did not strike extrinsic documents attached to motion and response).

[7] At oral argument, BLI asserted its motion to dismiss should not be converted on appeal because the parties lacked notice of possible conversion and had no "reasonable opportunity to present all [pertinent] material." Ariz. R. Civ. P. 12(b). But BLI's interpretation of Rule 12(b) is contrary to our case law. The "reasonable opportunity" requirement inherent in Rule 12(b) is satisfied when a party had the opportunity to file a written response or reply. *See Canyon del Rio Investors, L.L.C.*, 227 Ariz. 336, ¶ 15, 258 P.3d at 158 (Rule 12(b) dismissal deemed summary judgment on appeal, even absent notice and express opportunity for parties to present additional relevant material to trial court); *Yollin v. City of Glendale*, 219 Ariz. 24, ¶ 6, 191 P.3d 1040, 1043 (App. 2008) (same); *Unique Equip. Co.*, 197 Ariz. 50, ¶ 4, 3 P.3d at 972 (motion converted on appeal when both parties submitted documents and argued facts outside pleadings and trial court considered them); *Max of Switz., Inc. v. Allright Corp. of Del.*, 187 Ariz. 496, 498, 930 P.2d 1010, 1012 (App. 1997) (trial court not required to notify parties of conversion; plaintiff's motion to dismiss suffices as "'reasonable opportunity' to present all pertinent material"), *quoting* Ariz. R. Civ. P. 12(b); *Cella Barr Assocs., Inc.*, 177 Ariz. at 483, 868 P.2d at 1066 (motion converted on appeal though no notice given to parties); *Franzi v. Koedyker*, 157 Ariz. 401, 407-08, 758 P.2d 1303, 1309-10 (App. 1985) (motion converted on appeal despite lack of notice to parties where both sides submitted evidentiary material to court and neither requested further opportunity to present evidence). In this case, BLI had the opportunity to oppose the motion to dismiss and did attach extrinsic documents to its response. But even were we to determine BLI lacked an opportunity to address extrinsic matters, such a finding would not defeat conversion but only suggest remand for further proceedings. *See Young v. Rose*, 230 Ariz. 433, ¶¶ 2, 33,

7

*Dev. & Constr., Inc.*, 224 Ariz. 60, ¶ 8, 226 P.3d at 1049.  Accordingly, we review *de novo* the grant of a dismissal under Rule 12(b)(6) and will not affirm the dismissal unless satisfied that "'as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof.'"  *Coleman*, 230 Ariz. 352, ¶ 8, 284 P.3d at 867, *quoting Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, ¶ 4, 954 P.2d 580, 582 (1998).

## Duty to Third Parties

**¶8**        To state a claim for relief for negligent misrepresentation, a plaintiff must allege, among other elements, that the defendant owed the plaintiff a duty of care.  *See Hoffman*, 159 Ariz. at 380, 767 P.2d at 728.  We address *de novo* the purely legal issue of whether the trial court correctly ruled that Bradley owed BLI no such duty as a matter of law.  *See Vasquez v. State*, 220 Ariz. 304, ¶ 22, 206 P.3d 753, 760 (App. 2008).

**¶9**        BLI argues the trial court misinterpreted our holding in *Sage*, 221 Ariz. 33, ¶ 1, 209 P.3d at 169, and consequently erred.  BLI asserts that, contrary to the court's analysis, an appraiser owes a professional duty to any third party the appraiser "knows will receive the appraisal for purposes of influencing the specific transaction."  *See id.* ¶ 22.  BLI acknowledges Bradley was hired by Myers to prepare appraisals for Myers's use but maintains that, because Bradley knew Myers would provide appraisals to BLI, Bradley could be held liable to BLI for negligent misrepresentation.  *See id.* ¶ 8.  Bradley

286 P.3d 518, 519, 524 (App. 2012) (dismissal converted on appeal but vacated and remanded for opportunity to present relevant material).  In any event, we need not resolve this question because we find the motion was not converted.

counters that it owed no duty to BLI because the appraisals were intended specifically for Myers's use alone and that the *Sage* holding is inapplicable because that case is factually distinguishable from the situation at hand.

¶10 Section 552, Restatement (Second) of Torts (1977), outlines the extent of an appraiser's duty to a third party who justifiably relies on false information supplied by the professional. *See Hoffman*, 159 Ariz. at 379, 767 P.2d at 727 (applying Restatement § 552 in case of negligent misrepresentation); *see also Aztlan Lodge No. 1, Free & Accepted Masons of Prescott v. Ruffner*, 155 Ariz. 163, 165, 745 P.2d 611, 613 (App. 1987) ("Arizona courts will look to the *Restatement* in the absence of Arizona authority to the contrary."). An appraiser's liability is limited to loss suffered "by the person or one of a limited group of persons for whose benefit and guidance [the appraiser] intends to supply the information or knows that the recipient intends to supply it" and extends only to those transactions "that he intends the information to influence or knows that the recipient so intends." Restatement § 552(2). Further, the appraiser need not know the identity of the third-party recipient at the time he supplies the information, as long as the third party falls within a distinct group or class of persons the appraiser intends to reach and influence with the information. Restatement § 552 cmt. h.

¶11 On the other hand, the appraiser has no duty to a third party who is merely a member of the larger class who "might reasonably be expected sooner or later to have access to the information and foreseeably to take some action in reliance upon it." *Id.*; *see Gipson v. Kasey*, 214 Ariz. 141, ¶ 15, 150 P.3d 228, 231 (2007) (foreseeability not

9

factor in determination of duty); *Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 29, 945 P.2d 317, 340 (App. 1996) (same).  Likewise, if the circumstances show that an appraiser and the named recipient of information regard the identity of the recipient as "important and material" and that the appraiser "understands that his liability is to be restricted to the named person" only, the appraiser owes a duty toward the named individual alone.  Restatement § 552 cmt. h; *see Hoffman*, 159 Ariz. at 379-80, 767 P.2d at 727-28.

¶12        This court clarified § 552 in *Sage*, holding that "an appraiser retained by a lender to appraise a home in connection with the granting of a purchase-money mortgage may be liable to the prospective buyer for failure to exercise reasonable care in performing the appraisal."  221 Ariz. 33, ¶ 1, 209 P.3d at 169.  In that case, an appraiser prepared a report for a mortgage lender at the request of a homebuyer.  *Id.* ¶ 3.  Even though the homebuyer was not the appraiser's named client, we found the appraiser owed her a duty of care because he knew that she had the right to request a copy of the appraisal report from the lender, that the lender was obligated by law to provide her with a copy upon request, and that her contract entitled her to forego the sale if the appraisal was unfavorable.  *Id.* ¶¶ 2-3, 14; *see* 15 U.S.C. § 1691(e) (creditor shall furnish to borrower appraisal report used in connection with residential real property purchase loan).  The buyer in fact had received the report prior to closing and ultimately paid for the appraisal.  *Sage*, 221 Ariz. 33, ¶¶ 2, 3, 209 P.3d at 170.  Finally, both the Uniform Residential Appraisal Report, a form used in the transaction, and the Uniform Standards

10

of Professional Appraisal Practice disclosed to the parties that the homebuyer was likely to rely on the report in purchasing her home. *Id.* ¶ 24. In accordance with the Restatement, we concluded that, to be held to owe a duty of reasonable care to a third-party homebuyer, an appraiser need not know for certain that the appraisal will be furnished to the homebuyer, but need know only that the recipient of the report "*intends to furnish the statement*" to the homebuyer. *Id.* ¶ 22.

¶**13** In *Sage*, we distinguished earlier decisions in which we had declined to recognize any duty owed by an appraiser to a third party. 221 Ariz. 33, ¶¶ 10-14 & n.4, 209 P.3d at 171-72 & 171 n.4. For example, in *Kuehn* an appraiser was hired by a lender to determine the value of a residential parcel "for use by [the lender] for a mortgage finance transaction only." 208 Ariz. 124, ¶ 13, 91 P.3d at 350. That the appraiser owed the home purchasers no duty was evidenced by the type of appraisal: a "short form" for lending purposes, which was not prepared for the guidance of the homebuyers. *Id.* ¶ 14. Additionally, the buyers had not relied on the appraisal to close the sale, as they already were contractually bound to purchase the property before they received it. *Id.* ¶ 13. Although it was foreseeable that interested parties including the purchasers might rely on the information in the appraisal, the borrowers were not part of the "'limited group of persons'" protected by the Restatement, and the appraiser consequently owed them no duty. *Id.* ¶ 15, *quoting* Restatement § 552(2)(a).

¶**14** Likewise, in *Hoffman* we held that an appraiser hired by the seller of parcels of vacant land owed no duty to the third-party purchaser of the property. 159

11

Ariz. at 380, 767 P.2d at 728. The seller had refused to inform the appraiser how he intended to use his report, and the report itself stated "[t]he function of this report is to aid our client" and it "may [not] be used for any purpose other than its intended use." *Id.* at 378-79, 767 P.2d at 726-27 (second alteration in *Hoffman*). Although it may have been reasonably foreseeable that the owner might show an appraisal to prospective buyers, we declined to measure liability by the reasonable-foreseeability standard. *Id.* at 379-80, 767 P.2d at 727-28.

¶15　　　　Given the contours of an appraiser's duty as outlined in these cases, we agree with BLI that the trial court incorrectly interpreted *Sage*, insofar as it appears to have concluded *Sage* imposes more stringent limits on an appraiser's duty to third parties than does the Restatement. Rather, *Sage* applied the broad framework of liability for negligent misrepresentation set forth in Restatement § 552 specifically to residential mortgage appraisals but did not foreclose imposing such liability in other factual contexts that qualify under the Restatement. 221 Ariz. 33, ¶ 15, 209 P.3d at 172; *see, e.g.*, *St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 154 Ariz. 307, 313, 742 P.2d 808, 814 (1987) (insurer owed duty to hospital for statements concerning extent of patient coverage); *Standard Chartered PLC*, 190 Ariz. at 28-31, 945 P.2d at 339-42 (finding third-party bank that relied on report of borrower's solvency had presented prima facie case for negligent misrepresentation against auditor). An appraiser has a duty to "the person or one of a limited group of persons for whose benefit and guidance [the appraiser] intends to supply the information or knows that the recipient intends to supply

12

it" in those transactions "that he intends the information to influence or knows that the recipient so intends." Restatement § 552(2); *Standard Chartered PLC*, 190 Ariz. at 29, 945 P.2d at 340. In other words, the type of transaction is one factor of many and alone is not dispositive of whether a duty might exist.

¶16     Just as in *Sage*, *Kuehn*, and *Hoffman*, to ascertain whether a duty exists, the circumstances and relationships between the parties will determine whether BLI was an entity "for whose benefit and guidance [Bradley] intend[ed] to supply the information or kn[ew] that [Myers] intend[ed] to supply it." *See* Restatement § 552(2)(a); *see generally Gipson*, 214 Ariz. 141, ¶¶ 18-20, 150 P.3d at 231-32 (duty of care may arise out of relationship between parties). In sum, if Bradley intended to supply his appraisals to BLI, or knew Myers intended to supply them to BLI specifically or to a limited class of persons including BLI, Myers owed a duty to BLI. *See Standard Chartered PLC*, 190 Ariz. at 31-32, 945 P.2d at 342-43; Restatement § 552(2)(a). Alternatively, if Bradley and Myers regarded the recipient's identity as "important and material" and, thus, Bradley understood that his liability was to be restricted to Myers alone, he owed no duty to BLI. *See* Restatement § 552 cmt. h.

## Motion to Dismiss

¶17     With the above scope of duty in mind, we next consider whether BLI's complaint sufficiently alleged a claim for relief based on negligent misrepresentation because if it did not, we would uphold the trial court's ruling on this alternative ground. *See In re Estate of Lamparella*, 210 Ariz. 246, ¶ 18, 109 P.3d 959, 963 (App. 2005)

13

(affirming ruling if correct for any reason). "Arizona follows a notice pleading standard," *Cullen II*, 218 Ariz. 417, ¶ 6, 189 P.3d at 346, under which a complaint "shall contain . . . [a] short and plain statement of the claim showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8(a)(2). In determining whether BLI stated a claim upon which relief can be granted, we look only to the well-pleaded factual allegations in the complaint,[8] "and indulge all reasonable inferences from those facts." *Coleman*, 230 Ariz. 352, ¶ 9, 284 P.3d at 867.

¶18        Bradley asserts that BLI's complaint failed to state a claim upon which relief can be granted because it contained conclusory allegations. *See id.* ("mere conclusory allegations" insufficient to defeat 12(b)(6) motion). "[A] complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy [the Rule 8] notice pleading standard," but the inclusion of a legal conclusion will not invalidate a complaint. *Cullen II*, 218 Ariz. 417, ¶ 7, 189 P.3d at 346. A complaint should be liberally construed to permit a case to be "'tried on the proofs rather than the pleadings.'" *Long v. Ariz. Portland Cement Co.*, 89 Ariz. 366, 369, 362 P.2d 741, 743-44 (1961) (general allegation of "conspiracy," a legal conclusion, sufficient where reading of entire complaint indicated plaintiff's intent to prove existence of arrangement that stifled competition), *quoting Conley v. Gibson*, 355 U.S. 41, 46 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[8]In our review, we also consider the language within the appraisals, as they are intrinsic to the complaint. *See Strategic Dev. & Constr., Inc.*, 224 Ariz. 60, ¶¶ 10, 14, 226 P.3d at 1049, 1050.

**¶19** In its first amended complaint, BLI broadly alleged that Bradley owed an unqualified "duty to provide unbiased valuations." But it also contended more specifically that Bradley, a certified general appraiser, "intentionally and/or negligently provided falsely inflated appraisals" for Myers's use in the business transaction. BLI further asserted that Bradley "knew that the appraisals were to be relied upon by lenders, including [BLI]," "agreed that [BLI] . . . had a right to rely on the appraisals," and "intended that [BLI] should rely on the representations" therein. *See Sage*, 221 Ariz. 33, ¶¶ 13-14, 209 P.3d at 172 (appraiser's knowledge report would be provided to third party sufficient to impose duty); *Hoffman*, 159 Ariz. at 378-79, 767 P.2d at 726-27 (imposition of duty rests on appraiser's intent that report be used by certain individuals). And BLI alleged that Bradley failed to exercise reasonable care in communicating the representations to BLI by neglecting to obtain comparable sales data and using "incomplete or inappropriate valuation methodology." Finally, BLI asserted it had justifiably relied on the false information and was damaged thereby. We conclude BLI's complaint alleged sufficient facts to put Bradley on notice of the specific nature of the claim. *See Cullen II*, 218 Ariz. 417, ¶ 6, 189 P.3d at 346; *see also State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594, 596-97, 667 P.2d 1304, 1309, 1311-12 (1983) (complaint survives Rule 12(b)(6) motion when it alleges elements of claim); *Standard Chartered PLC*, 190 Ariz. at 31-32, 945 P.2d at 342-43 (setting out elements of negligent misrepresentation).

¶20 Bradley contends BLI's acknowledgement that the appraisals were prepared for Myers's use constitutes an admission they were not intended for BLI's use, thereby undermining his negligent misrepresentation claim. He echoes the express language in at least one appraisal that "[t]he *intended user* of this report is The Myers group" and that its purpose was to aid Myers in developing an opinion of the "as is" and "as if complete" values of the property. BLI's acknowledgement, however, does not preclude finding a duty based on Bradley's alleged knowledge that Myers would give the reports to third-party BLI, despite the provision that they were "not intended to be used, transferred or relied upon by any person other than those noted." *Cf. Lamparella*, 210 Ariz. 246, ¶ 21, 109 P.3d at 963 (parties' intentions determined not only by contract language but by surrounding circumstances). Notwithstanding the limitations in the appraisals, the complaint, if proven, might entitle BLI to relief on the theory that Bradley intended to supply false appraisals to BLI or knew Myers intended to do so.

¶21 Taken as a whole, the allegations in the complaint allege sufficient facts to state a claim upon which relief can be granted and effectively put Bradley on notice of the nature and basis of BLI's negligent misrepresentation claim against him.[9] *See*

---

[9]The remaining elements of negligent misrepresentation are not at issue in this appeal. In their appellate briefs, the parties engage in an extensive discussion about whether BLI's reliance on the appraisal reports was justified. We disregard these arguments as having no bearing on the legal question of whether Bradley owed BLI a duty. *See St. Joseph's Hosp. & Med. Ctr.*, 154 Ariz. at 316, 742 P.2d at 817 (whether reliance justified question for jury distinct from legal determination of duty). Additionally, the record indicates that although justifiable reliance was argued briefly in the trial court, the court's dismissal of BLI's claims against Bradley was primarily based on its finding that Bradley owed BLI no duty; therefore, we do not address the reliance

*Cullen II*, 218 Ariz. 417, ¶ 6, 189 P.3d at 346 (complaint adequate if it alleges sufficient facts to put opposing party on notice of nature of claim). We thus conclude the complaint contained enough factual detail to survive a motion to dismiss under Rule 12(b)(6). *See Pickrell*, 136 Ariz. at 594, 667 P.2d at 1309 (motion to dismiss should not be granted "'unless it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claim stated'"), *quoting Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 586, 637 P.2d 1088, 1089 (App. 1981).

## Other Issues

¶22        BLI also challenges the trial court's dismissal of its claim that Bradley aided or abetted the torts of others. BLI does not make specific arguments with regard to the dismissal of that claim, suggesting we should consider the same arguments it raised with respect to duty and find the court erred in dismissing the aiding or abetting torts claim. But the elements of each claim are distinct, and "issues not clearly raised and argued in a party's appellate brief are waived." *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167, 920 P.2d 41, 47 (App. 1996). We therefore do not address this argument further and will not disturb the trial court's dismissal of that claim.

¶23        Finally, BLI asserts the trial court erred in denying its second motion to amend the complaint. Because we already have determined BLI's first amended complaint survives Bradley's motion to dismiss, BLI's argument is moot. *See Contempo-*

---

issue. *See Winters v. Ariz. Bd. of Educ.*, 207 Ariz. 173, ¶ 13, 83 P.3d 1114, 1118 (App. 2004) (argument waived when not raised with specificity and addressed in trial court).

*Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229, 696 P.2d 1376, 1378 (App. 1985) (appellate court will not address issues rendered moot by resolution of other claims).

**Disposition**

¶24      Based upon the foregoing, the trial court's dismissal of the negligent misrepresentation claim alleged against James and Karen Bradley and KB Real Estate Appraisers, Inc. is reversed. The court's dismissal of the aiding or abetting tort claim and its denial of BLI's motion to amend its complaint are affirmed, and the case is remanded for further proceedings consistent with this opinion.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge