NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WAYNE SIMMONS and TRUDY SIMMONS,
husband and wife, *Plaintiffs/Appellants*,

*v.*

MILTON FERRANTELLI, as Trustee of the MMF TRUST; WILLIAM
"BILL" WEST AND LISA WEST, *Defendants/Appellees*.

No. 1 CA-CV 13-0687
FILED 8-20-2015

Appeal from the Superior Court in Navajo County
No. S0900CV201300122
The Honorable Ralph E. Hatch, Judge

**VACATED AND REMANDED**

COUNSEL

Law Offices of J. Roger Wood, P.L.L.C., Tempe
By J. Roger Wood, Erin S. Iungerich
*Counsel for Plaintiffs/Appellants*

Brown & Brown Law Offices, P.C., Pinetop
By Douglas E. Brown, Nicholas D. Patton
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**D O W N I E**, Judge:

¶1        Wayne and Trudy Simmons appeal from the superior court's entry of summary judgment against them.[1]  For the following reasons, we vacate that judgment and remand for further appropriate proceedings.

### FACTS AND PROCEDURAL HISTORY

¶2        The Simmonses and Milton Ferrantelli, as trustee of the MMF Family Trust ("Ferrantelli"), own homes next door to each other in Show Low.  Both properties are governed by the Torreon Community Association, Inc. ("Torreon"). Summit Development Company, LLC ("Summit") developed the Torreon community.

¶3        Ferrantelli purchased his property in 2008 and subsequently leased it to the Kings.  After the Kings' tenancy ended, Ferrantelli rented the property to Bill and Lisa West.  Neighbor-to-neighbor disputes have persisted for years, including allegations by the Simmonses of set-back violations and complaints about noise and other disturbances on the Ferrantelli property.  In 2012, the Simmonses sued Torreon, Summit, Ferrantelli, and the Wests, alleging breach of contract, breach of covenant of good faith and fair dealing, breach of duty, nuisance, and negligence per se.

¶4        Torreon moved to dismiss the Simmonses complaint for failure to state a claim upon which relief can be granted, *see* Ariz. R. Civ. P. 12(b)(6), and Summit joined in that motion.  Torreon argued dismissal was appropriate because the Simmonses had not followed the alternative dispute resolution ("ADR") provisions set forth in the Torreon Declaration of Covenants, Conditions, and Restrictions ("Declaration").

---

[1]        We grant the Simmons' unopposed procedural motion to correct the caption.  The caption is amended to read "Wayne Simmons."

**¶5**        In March 2013, the Simmonses voluntarily dismissed Torreon and Summit from the litigation. Ferrantelli and the Wests thereafter filed a joinder in Torreon's still-pending motion to dismiss. After briefing and argument of the Rule 12(b)(6) motion, the superior court entered summary judgment in favor of Ferrantelli and the Wests. The Simmonses timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

**¶6**        One of the Simmonses' appellate arguments is that the superior court improperly converted the motion to dismiss into a motion for summary judgment. We agree. Rule 12(b) provides:

> If, on a motion asserting the defense numbered 6 to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**¶7**        Exceptions to Rule 12(b)'s conversion mandate exist for materials that are intrinsic to the complaint, unnecessary to the final outcome, or public records. *See Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9, 284 P.3d 863, 867 (2012); *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63–64, ¶¶ 8, 13, 226 P.3d 1046, 1049–50 (App. 2010). A document is intrinsic to the complaint if it is attached to the complaint, sufficiently referenced in the complaint, or an official public record. *Belen Loan Investors, LLC v. Bradley*, 231 Ariz. 448, 452, ¶ 6, 296 P.3d 984, 988 (App. 2012).

**¶8**        Torreon's Rule 12(b)(6) motion included four multi-page exhibits consisting of photographs and communications between counsel for various parties. The motion discussed and relied on these documents to support the contention that the Simmonses had failed to comply with the Declaration's ADR terms, thereby waiving all claims set forth in the civil complaint. The superior court did not exclude these exhibits. On the contrary, it relied on and discussed them, stating for the first time in its under advisement ruling that it would be treating the Rule 12(b)(6) motion as one for summary judgment. With the exception of the Declaration,

though, the exhibits accompanying the motion were not public records, intrinsic to the complaint, or unnecessary to the final outcome. *Cf. Young v. Rose*, 230 Ariz. 433, 438, ¶¶ 26, 28, 286 P.3d 518, 523 (App. 2012) (submitting "copies of numerous e-mail messages" converted 12(b)(6) motion into motion for summary judgment).

**¶9** When a court converts a motion to dismiss into a motion for summary judgment, it must give all parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Ariz. R. Civ. P. 12(b); *see also Parks v. Macro-Dynamics, Inc.*, 121 Ariz. 517, 519–20, 591 P.2d 1005, 1007–08 (App. 1979) ("If matters outside the complaint are presented to and not excluded by the court, the motion is one for summary judgment, provided all parties are given a reasonable opportunity to present their factual claims to the court."). That did not occur here, and the Simmonses contend they were deprived of "an opportunity to fully address additional facts, provide affidavits or otherwise provide a robust defense to the Rule 56 Motion for Summary Judgment." Contrary to appellees' suggestion, whether the Simmonses were familiar with the documents attached to the motion or can ultimately prevail under Rule 56 standards is not the proper focus. Rule 12 and due process principles make clear that the Simmonses are entitled to notice and a meaningful opportunity to present controverting facts and evidence before summary judgment is entered against them.

**¶10** We vacate the entry of summary judgment and remand to the superior court for further appropriate proceedings. *See Young*, 230 Ariz. at 434, 438, ¶¶ 2, 26–27, 286 P.3d at 519 (judgment vacated because extrinsic documents were attached to 12(b)(6) motion, discussed by parties, and relied on by court). Based on our determination, we do not reach the Simmonses' substantive arguments regarding the ADR provisions. We do, however, address one substantive issue likely to arise on remand: whether the ADR provisions govern the Simmonses' nuisance claim.

**¶11** Section 15.2 of the Declaration exempts from the ADR requirements "any suit between Owners, which does not include Declarant or the Association as a party, if such suit asserts a Claim which would constitute a cause of action independent of the Governing Documents." Nuisance is a common law action independent of the Declaration. *See Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 148 Ariz. 1, 4, 712 P.2d 914, 917 (1985). At all times, only Ferrantelli and the Wests have been defendants regarding the nuisance count. And

by the time the court granted the motion to dismiss, neither Torreon nor Summit was a party.

¶12        We disagree with the superior court's conclusion that, simply because Torreon and Summit were initially named as defendants in other counts of the complaint, the Simmonses were forever barred from proceeding against Ferrantelli and the Wests on a common law nuisance claim that is clearly independent of the "Governing Documents." Therefore, even if the superior court determines on remand that the Simmonses failed to comply with binding ADR terms, the nuisance cause of action is not subject to dismissal on that basis.

## CONCLUSION

¶13        We vacate the entry of summary judgment and remand for further appropriate proceedings.   We deny appellees' request for an award of attorneys' fees under A.R.S. § 12-341.01 because they have not prevailed on appeal.   We award the Simmonses their taxable costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama