NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JEREMY T. FREER, *Plaintiff/Appellant*,

*v.*

CLIFTONLARSONALLEN LLP, *Defendant/Appellee*.

No. 1 CA-CV 21-0491
FILED 5-5-2022

Appeal from the Superior Court in Maricopa County
No. CV2017-003641
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Fennemore Craig PC, Phoenix
By Joseph A. Schenk, Heather A. Macre
*Co-Counsel for Plaintiff/Appellant*

Debus & Kazan, LTD., Phoenix
By Lawrence I. Kazan
*Co-Counsel for Plaintiff/Appellant*

Jaburg & Wilk PC, Phoenix
By Kelly Hedberg
*Co-Counsel for Defendant/Appellee*

Moss & Barnett PA, Minneapolis MN
By Charles E. Jones, Taylor D. Sztainer
*Co-Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1 Just two years ago, Jeremy T. Freer urged our supreme court to appreciate the chasm between JTF Aviation Holdings, Inc. ("JTF") and Freer, as its sole owner, when seeking to avoid the terms of a contract between JTF and CliftonLarsonAllen LLP ("CLA"). In an awkward pivot, Freer intends to reattach himself to his former business, hoping to press a tort claim that belongs to JTF and not him. For the following reasons, we affirm the superior court's entry of judgment for CLA.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Freer founded JTF, owned all its stock, and served as its president and chief executive officer. In 2013, JTF hired CLA to provide financial services, including an audit of JTF's consolidated financial statements. JTF informed CLA that the results of its audit "would likely be given to prospective buyers of JTF." CLA delivered the audit report in February 2014.

¶3 In June 2014, Vistria Group, LP ("Vistria") entered into an asset purchase agreement with JTF and Freer, as JTF's sole shareholder. Under the agreement, JTF would sell almost all its assets for $80 million, plus assumed liabilities. JTF included a warranty in the agreement that its financial statements were prepared in accordance with generally accepted accounting principles and "present[ed] fairly the financial position and results of operations."

¶4 The following September, Vistria sued Freer, JTF, and JTF's chief financial officer in Delaware, alleging fraudulent inducement, breach of contract, breach of warranty, breach of good faith and fair dealing, and civil conspiracy. Vistria settled its claims against Freer and the other defendants for $4.85 million.

¶5 In April 2017, Freer and JTF sued CLA in Maricopa County, alleging professional negligence, negligent misrepresentation, and breach of fiduciary duty. The superior court initially granted summary judgment

2

against Freer and JTF, finding their claims untimely. The supreme court held only the parties to a contract are bound by its deadlines to sue, absent certain exceptions, and remanded the matter to the superior court. *See JTF Aviation Holdings Inc. v. CliftonLarsonAllen LLP*, 249 Ariz. 510, 514–15, ¶¶ 22–23 (2020).

¶6 Upon remand, Freer pursued only his negligent misrepresentation claim. Freer moved for partial summary judgment, asserting that he brought the claim in his individual capacity, not as JTF's sole shareholder, and that the collateral source rule permits him to "pursue all of his damages," including the litigation and settlement costs from the Delaware lawsuit. CLA also moved for summary judgment, contending Freer's negligent misrepresentation claim fails under Arizona law. The superior court granted CLA's motion and entered judgment against Freer. The court found Freer lacked standing to "assert a claim for an injury that is not separate and distinct from the injury suffered by JTF." The court also found the collateral source rule inapplicable to the damages Freer sought.

¶7 Freer timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶8 We review the superior court's summary judgment ruling *de novo,* viewing the facts and inferences in the light most favorable to Freer. *See Lennar Corp. v. Transamerica Ins. Co.*, 227 Ariz. 238, 242, ¶ 7 (App. 2011). We will affirm summary judgment if it is correct for any reason supported by the record, even if not explicitly considered by the superior court. *See Mutschler v. City of Phoenix*, 212 Ariz. 160, 162, ¶ 8 (App. 2006). Freer argues the superior court erred in concluding: (1) he lacked standing to assert a negligent misrepresentation claim against CLA; and (2) he suffered no damages.

¶9 Arizona recognizes the tort of negligent misrepresentation, as defined by the Restatement (Second) of Torts, § 552. *St. Joseph's Hosp. and Medical Ctr. v. Reserve Life Ins. Co.*, 154 Ariz. 307, 312 (1987). Freer needed to show CLA, in the course of its business, supplied false information for Freer's guidance in his business transactions, causing a pecuniary loss as a result of his justifiable reliance on that information, and CLA failed to exercise reasonable care or competence in obtaining or communicating the information. *See Restatement (Second) of Torts,* § 552(1) (1977). Of particular importance here, the scope of this tort liability is narrow "because it is

premised on the reasonable expectations of a foreseeable user of information." *St. Joseph's*, 154 Ariz. at 312–13.

**¶10** Negligent accountants are liable "only to those persons for whose benefit and guidance [the information] is supplied." *Restatement (Second) of Torts,* § 552 cmt. h. The party intended to benefit from and be guided by an accountant's audit report or representations is often the party who hired the accountant to furnish that information. *See id.* at cmt. g. But an accountant may also owe a duty to a third party if the accountant intended to supply the information to the third party or knew their client intended to supply the information to the third party. *See Belen Loan Investors, LLC v. Bradley*, 231 Ariz. 448, 455, ¶ 16 (App. 2012).

**¶11** In December 2013, JTF hired CLA to audit JTF's financial statements and analyze JTF's financial health. CLA supplied the audit report directly to JTF because JTF paid consideration to receive it. Freer, in his individual capacity, was not a party to this agreement. CLA's duty was thus limited solely to JTF, as the other contracting party.

**¶12** Freer relies on *Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 30–31 (App. 1996), to claim he was "among a limited group of people reasonably expected to receive, and potentially rely upon" CLA's audit report. His reliance is misplaced. In *Standard Chartered*, we held an auditor may be liable to the prospective purchaser of its client for negligent misrepresentations in its audit of that client. 190 Ariz. at 28–29. But we cautioned that that liability does not extend to all foreseeable recipients of the audit. *Id.* at 29. Freer ignored our caution, and instead asserts CLA should be liable to him because it was foreseeable that he, as JTF's owner, would rely on the audit results.

**¶13** Freer did not—and cannot—establish that CLA expected to supply its JTF audit results for the benefit of JTF's owner as "distinct from the much larger class who might reasonably be expected sooner or later to have access to the information and foreseeably to take some action in reliance upon it." *Restatement (Second) of Torts*, § 552 cmt. h. After all, JTF and CLA entered a contract in which JTF disclosed that CLA's audit results would likely be supplied for the benefit of prospective buyers conducting due diligence. Had CLA known Freer was a member of a limited group who could sue CLA for negligent misrepresentation, it might have required him to personally enter the contract.

**¶14** The relationship between CLA, as the supplier of information, and prospective buyers, as the intended recipients, creates CLA's duty to

those buyers to gather and communicate information in a non-negligent fashion. *See Standard Chartered*, 190 Ariz. at 31; *see also Belen Loan*, 231 Ariz. at 455, ¶ 16. CLA owed no such duty to Freer, who was not a prospective buyer, independent of its duty to JTF. Freer served as the corporate recipient of the audit report, but that practical reality does not change the legal landscape. Freer, in his personal capacity, was not an intended recipient to whom CLA owed a duty.

¶15        Even assuming CLA negligently prepared the audit report, Freer has no negligent misrepresentation claim against CLA, and the superior court did not err in granting summary judgment on this basis. Given this determination, we need not resolve whether and to what extent Freer suffered damages.

## CONCLUSION

¶16        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA