NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LAURA ANN CAVNESS, *Plaintiff/Appellant,*

*v.*

CAITLIN JOSEPHINE CAVNESS-ENGSTRAND, *Defendant/Appellee.*

No. 1 CA-CV 22-0659
FILED 7-6-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-008833
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

APPEARANCES

Laura Ann Cavness, Phoenix
*Plaintiff/Appellant*

Engstrand Law Firm LLC, Phoenix
By Carl Engstrand
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge David D. Weinzweig joined.

---

**C A M P B E L L**, Judge:

¶1 Laura Cavness (Mother) appeals the dismissal of her complaint against Caitlin Cavness-Engstrand, her adult daughter (Daughter). Because Mother's defamation claim was barred by the statute of limitations, we affirm.

## BACKGROUND[1]

¶2 Mother sued Daughter for defamation in July 2022. The lawsuit stemmed from a custody battle over Mother's minor son (Son), Daughter's half-brother. *See generally Cavness v. Wilson*, 1 CA-CV 19-0460 FC, 2020 WL 1862298, at *1, ¶¶ 2–7 (Ariz. App. Apr. 14, 2020) (mem. decision). The superior court awarded Daughter and her husband temporary custody over Son in January 2017. *Id.* at *1, ¶¶ 3–4. Later that year, the family court found that Daughter and her husband stood in loco parentis and awarded them sole legal decision-making authority and physical custody. *Id.* at *1, ¶ 5. The court also ordered Mother to have no contact with the child. *See State v. Cavness*, 1 CA-CR 19-0044, 2020 WL 1686794, at *1–3, ¶¶ 4–9 (Ariz. App. Apr. 7, 2020) (mem. decision). Mother did not comply and was found guilty of contempt of court in December 2018. Mother served six months in jail for this offense. *Id.* at *3, ¶ 10.

¶3 Over three years after her release, Mother filed this lawsuit, alleging Daughter "defamed [her] throughout the over five-year [court] proceedings." Mother alleged three instances of defamation:

   1. On April 4, 2017, a statement made "by and through her attorney" in a motion filed with the family court, Daughter alleged that drugs were found in Mother's apartment;

---

[1] We assume the truth of all well-pled factual allegations. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012); *see also* Ariz. R. Civ. P. 12(b)(6).

2. On December 4, 2018, Daughter testified that Mother was "a danger" to Daughter, Son, and others at her contempt hearing; and

3. On May 29, 2019, Daughter made statements during a justice court hearing that Mother was "dangerous" and a drug addict.

¶4        Daughter filed a motion to dismiss under Arizona Rule of Civil Procedure (Rule) 12(b)(6), arguing Mother's claims were time-barred. In response, Mother argued the defamatory statements were "continuous," citing the motion to dismiss as an example, and raising new evidence: a purportedly defamatory TikTok video from May 8, 2022. Mother went on to discuss having "suffer[ed] from PTSD . . . since 01/11/2017" and being "[un]able to pursue a civil suit against [Daughter] because of the anxiety and debilitating breakdowns . . . . until recently." As support, she later filed a note from her treating psychiatric nurse practitioner regarding Mother's condition in the "weeks and months" after she was released from jail, as well as her PTSD diagnosis.

¶5        Mother also raised two procedural arguments: (1) that the motion to dismiss was invalid as "not properly signed" because it was typed and lacked the "/s/" symbol; and (2) that Daughter's attorney "[wa]s not authorized to represent" her because the motion to dismiss was filed without a separate notice of appearance.

¶6        After reviewing the parties' briefing, the superior court dismissed Mother's complaint with prejudice. The court reasoned that (1) "the statements at issue clearly were made outside the one-year statute of limitations," and (2) "an absolute privilege applie[d] to the statements in question" because they were made "in connection with judicial proceedings." *See Green Acres Tr. v. London*, 141 Ariz. 609, 613 (1984). The court also summarily dismissed Mother's notice-of-appearance argument, declining to address the "/s/" signature argument.

¶7        Mother moved for reconsideration. First, she argued the court failed to address either of her procedural arguments. She then argued her allegations were timely because, contrary to her complaint, she "was not diagnosed with [PTSD] until August 2022." Last, Mother objected to the court "t[aking] it upon itself" to address absolute privilege when Daughter had not raised the issue. In any case, she pointed to the TikTok video and raised, for the first time, an additional statement made in March 2022 to Mother's husband. The court summarily denied the motion for reconsideration, and Mother timely appealed.

**DISCUSSION**

**¶8**         On appeal, Mother repeats her procedural arguments and contends "[t]he one-year statute of limitation does not apply to [her]" because of her PTSD diagnosis. She also argues the court violated her right to due process and practiced law in violation of the Arizona Code of Judicial Conduct by addressing absolute privilege when Daughter had not raised it as a defense.

**¶9**         We begin by addressing the applicable standard of review. "[I]f matters outside the pleadings are presented to the court on a motion to dismiss for failure to state a claim, and are not excluded, the motion shall be treated as a motion for summary judgment. *Belen Loan Invs., LLC v. Bradley*, 231 Ariz. 448, 451, ¶ 5 (App. 2012) (internal quotation and citation omitted); *see also* Ariz. R. Civ. P. 12(d). However, "if extraneous matters neither add to nor subtract from the deficiency of the pleading, the motion need not be converted." *Belen Loan Invs.*, 231 Ariz. at 451, ¶ 5.

**¶10**         Rather than resting on the allegations in her complaint, Mother raised new facts and attached over 50 pages to her response. However, most of the exhibits were public records (i.e., appellate decisions, hearing transcripts), which "are not outside the pleading." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012) (quotation omitted). Of the remaining exhibits, only one is relevant to Mother's appeal: the note about Mother's PTSD. *See Belen Loan Invs.*, 231 Ariz. at 451, ¶ 5 (noting that irrelevant, extraneous matters do not convert a motion). But the court did not consider tolling or otherwise address Mother's PTSD in its analysis.

**¶11**         Because Mother's exhibits are "no[t] necessary to support [the court's] rationale for dismissal," we conclude the motion was addressed as a 12(b)(6) motion to dismiss. *See id.* at 452, ¶ 7. We therefore review de novo the grant of a dismissal under Rule 12(b)(6) and will affirm "only if as a matter of law plaintiff[] would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. at 356, ¶ 8 (internal quotation and citation omitted).

**¶12**         Daughter urges us to affirm on procedural grounds because on appeal Mother "fail[ed] to plead a 'statement of the issues'" and "neglect[ed] to provide the applicable standard of review."[2] *See* ARCAP

---

2     Mother contends she is a "layman at law," proceeding under a "less stringent standard[]" than other pro per litigants. However, in Arizona,

13(a). Even so, we could ascertain Mother's four arguments, each with supporting legal authority and record citations. We therefore elect to resolve her appeal on its merits. *See Field v. Oates*, 230 Ariz. 411, 417, ¶ 24 (App. 2012) (noting court should "try to avoid dismissing appeals on hypertechnical grounds" (quotation omitted)).

## I.      Mother's Procedural Arguments Are Meritless

**¶13**        First, Mother argues that Daughter's motion to dismiss should have been struck because defense counsel's electronic signature lacked the "/s/" symbol. We find this argument without merit. Under Rule 11(a)(1), written motions "must be signed," and "[t]he court must strike an unsigned document unless the omission is promptly corrected." Ariz. R. Civ. P. 11(a)(1). Using permissive language, Rule 11(a)(2) then provides that "[a] person *may* sign an electronically filed document by placing the symbol '/s/' on the signature line above the person's name." Ariz. R. Civ. P. 11(a)(2) (emphasis added). Moreover, "[t]he court may treat a document that was filed using a person's electronic filing registration information as a filing that was made or authorized by that person." *Id.* Such was the case here, as defense counsel used AZTurboCourt to file the motion to dismiss. The court was therefore free to accept the motion to dismiss as properly signed under Rule 11.

**¶14**        Second, Mother argues defense counsel could not represent Daughter because he did not file "a separate *Notice of Appearance* simultaneously with" the motion to dismiss. The superior court found this position "groundless," and we agree. Rule 5.3(a)(1)(A) is not so narrow. "An attorney may appear as attorney of record by filing a document—including a notice of appearance, complaint, answer, motion to quash, notice of association of counsel, or notice of substitution of counsel—that identifies the attorney as the attorney of record for a party." Ariz. R. Civ. P. 5.3(a)(1)(A). Nothing suggests the embedded list is exhaustive. Defense counsel "appear[ed] . . . by filing a document"—i.e., the motion to dismiss. To permit appearance via an answer but not a Rule 12(b)(6) motion would

"[o]ne who represents herself in civil litigation is given the same consideration on appeal as one who has been represented by counsel." *Higgins v. Higgins*, 194 Ariz. 266, 270, ¶ 12 (App. 1999). We hold Mother "to the same familiarity with required procedures and the same notice of statutes and local rules as would be attributed to a qualified member of the bar." *Copper State Bank v. Saggio*, 139 Ariz. 438, 441 (App. 1983).

be nonsensical, since failure to state a claim upon which relief can be granted must be raised—if at all—before a responsive pleading.

**¶15** Therefore, the superior court did not err in rejecting Mother's procedural arguments. We too find both to be meritless.

## II. Mother's Defamation Claims Were Time-Barred

**¶16** We next consider Mother's argument that the superior court erred in determining that her complaint was time-barred because "[t]he one-year statute of limitation[s] does not apply to [her]."

**¶17** To determine whether a claim is barred by the statute of limitations, we examine four factors: "(1) when did the plaintiff's cause of action accrue; (2) what is the applicable statute of limitations period; (3) when did the plaintiff file his [or her] claim; and (4) was the running of the limitations period suspended or tolled for any reason?" *Taylor v. State Farm Mut. Auto. Ins. Co.*, 182 Ariz. 39, 41 (App. 1994), *vacated in part on other grounds*, 185 Ariz. 174 (1996).

**¶18** A cause of action for defamation accrues at the time of publication and must be brought within one year. *Lim v. Superior Court*, 126 Ariz. 481, 482 (App. 1980). The statements contained in Mother's complaint accrued when made and should have been brought by April of 2018, December of 2019, and May of 2020, respectively.[3] Because Mother did not file suit until 2022, her claims are time-barred unless tolling applies.

**¶19** Having found that Mother's claims were time-barred, we need not address her challenges to the court's finding the statements were privileged. *See Dube v. Likins*, 216 Ariz. 406, 417, ¶ 36 n.3 (App. 2007) ("[W]e may affirm the [superior] court if it is correct for any reason.").

## III. Tolling of the Statute of Limitations Is Not Warranted

**¶20** Mother attempts to make the argument that the statute of limitations should be tolled during her period of mental health crisis. Under A.R.S. § 12-502, the statute of limitations tolls "[i]f a person entitled to bring an action . . . *is at the time the cause of action accrues* . . . of unsound mind." (Emphasis added.) Section 12-502 is based on the principle that "it is unfair

---

[3] We do not consider the instances alleged outside of her complaint. Though each additional event occurred before Mother filed suit, she did not include them in her complaint nor seek to amend her complaint to include the omission.

to bar an action in which the plaintiff is mentally disabled and thus unable to appreciate or pursue his or her legal rights." *Doe v. Roe*, 191 Ariz. 313, 325, ¶ 41 (1998) (Emphasis omitted). The party opposing a motion to dismiss "bears the burden of proving the statute has been tolled." *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 421 (App. 1987). A party does so by alleging facts that, if later proven, show that she was of unsound mind. *See Florez v. Sargeant*, 185 Ariz. 521, 525 (1996) (defining as someone "unable to manage his affairs or to understand his legal rights or liabilities").

¶21        Mother has failed to allege she was of "unsound mind" during the relevant time period. In her complaint, Mother states that she was diagnosed with PTSD in June 2019, but "simply attaching the post-traumatic stress disorder label to a person's symptoms is insufficient[.]" *Id.* She did not argue tolling, allege she was of unsound mind, nor did she cite any legal authority in support of the same. When faced with the motion to dismiss, Mother again failed to name any legal theory on which the court could toll the statute to allow her claims to proceed in light of the running of the statute of limitations.

¶22        In her motion for reconsideration, and on appeal, Mother changes the timing of her diagnosis to August 2022, citing *Pitts v. Industrial Commission of Arizona*, 246 Ariz. 334 (App. 2019), for the proposition that her PTSD diagnosis "reset the statute of limitation[s]." But in *Pitts*, the court was analyzing when a claim *accrued*. *See Pitts*, 246 Ariz. at 336–37, ¶¶ 12, 19 (concluding that workers' compensation claim accrued when employee "knew or should have known" of injury, which was at time of PTSD diagnosis). For tolling, the issue is whether Mother was of unsound mind when each statement was made. *See Doe*, 191 Ariz. at 326, ¶ 41 (explaining that the discovery rule and tolling provisions have "critically distinct" applications). That she was later diagnosed with PTSD has limited relevance.

¶23        Nor does Mother's PTSD diagnosis, without more, allow an inference that she was unable to understand her legal rights or to to manage her "ordinary daily affairs." *See Florez*, 185 Ariz. at 525–26. According to her own complaint, when Mother received the motion containing the first defamatory statement, she filed a response within two weeks, showing "everything [Daughter] claimed . . . to be untrue." *See id.* at 525 (noting the unsound-mind inquiry "does not focus on the plaintiff's ability to pursue the subject matter of the litigation at issue"). Likewise, Mother makes no claims regarding the impact of her PTSD diagnosis on her daily life. Simply naming her maladies is conclusory and insufficient to support the tolling as a matter of law.

¶24 Taking all well-pled facts as true, Mother has failed to allege she was unable to understand her legal rights or to manage her daily affairs in April 2017, December 2018, and May 2019. Tolling was therefore not warranted, and the superior court rightly concluded that Mother's claims were time-barred.[4]

**CONCLUSION**

¶25 For the reasons above, we affirm. As the prevailing party, Daughter is entitled to her taxable costs pending compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] Given this conclusion, we need not address the superior court's absolute privilege analysis.